241 So.2d 436 (1970)
Edward W. WHITNEY, As Executor of the Estate of Ralph H. Whitney, Deceased, Appellant,
v.
Grace W. WHITNEY and Marvin G. Whitney, As Executors of the Estate of Edward T. Whitney, Deceased, Appellees.
No. 70-270.
District Court of Appeal of Florida, Second District.
December 4, 1970.
*437 Charles W. Pittman, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Frank C. Logan, of McMullen, Everett & Logan, and Alfred P. Marshall, Clearwater, for appellees.
PIERCE, Judge.
Appellant Edward W. Whitney, as Executor of the Estate of Ralph H. Whitney, deceased (hereinafter Ralph's Estate) appeals to this Court from an order entered by the Pinellas County Circuit Court, dismissing for want of prosecution under Rule 1.420(e) of the Rules of Civil Procedure, 30 F.S.A., his suit against appellees Grace W. Whitney and Marvin G. Whitney, as Executors of the Estate of Edward T. Whitney, deceased (hereinafter Edward's Estate), to recover certain corporate stock which had been loaned by Ralph to his brother Edward prior to their respective deaths.
The complaint was filed on January 3, 1968. On January 24, 1968, Edward's Estate filed motion to dismiss the complaint and for a more definite statement, whereupon almost a year was consumed in procedural skirmishing and pre-trial preparation, including the propounding of interrogatories, taking of depositions, requests for admissions and objections thereto, answers to interrogatories, renewed motions to dismiss, taking of depositions in Clearwater and also New York, etc.
On December 23, 1968, Ralph's Estate filed motion to set the case for trial on the trial docket and accordingly the case was set for trial during the week of February 24, 1969. On February 19, 1969, Ralph's Estate filed motion for the Court "to continue indefinitely the trial of this cause on the ground that possible new evidence has been discovered that requires additional investigation". On February 24, 1969, the Court, reciting that "the continuance is satisfactory with the parties" cancelled the trial for the week of February 24, 1969, to be "re-set at a future date".
On February 25, 1970, Edward's Estate filed motion for dismissal of the case for want of prosecution on the ground that "no action has been taken by the filing of pleadings, order of Court, or otherwise, for a period of over one year" (Emphasis supplied).
On March 3, 1970, Ralph's Estate filed its answer to the motion to dismiss for want of prosecution, setting up that the possible new evidence mentioned in the February 24th motion for continuance: "related to checks written" by Edward to Ralph during their lifetimes; that subsequent to the order of continuance counsel for Ralph's Estate had asked opposing counsel to produce check stubs and cancelled checks written by Edward before his death, which opposing counsel by letter dated May 28, 1969 indicated were in his possession; that on October 16, 1969, counsel for Ralph's Estate by letter requested that the check stubs and cancelled checks be available for inspection on October *438 21, 1969; that on October 22, 1969, opposing counsel advised by letter that, while the items mentioned had not been previously available, they were then available and arrangements were in the process to inspect.
The facts so stated were not denied and at the hearing thereon were deemed admitted. On March 17, 1970, the Court entered order which, after reciting that "the statements of fact in the answer are deemed admitted as true for purpose of the hearing", dismissed the cause pursuant to Rule 1.420(e) F.R.C.P. for want of prosecution.
Ralph's Estate has appealed said order to this Court and contends here that under the facts aforesaid the trial Court was in error in adjudging that, as a matter of law, the suit had not been prosecuted by Ralph's Estate for a period of one year prior to the order of dismissal as required by Rule 1.420(e). We agree and reverse.
Rule 1.420(e) F.R.C.P. is as follows:
"Rule 1.420(e) FAILURE TO PROSECUTE. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion". (Emphasis added.)
The words "or otherwise" in the Rule are significant. Obviously the "action" contemplated by the Rule contemplates pleadings and Court orders but such are not exclusive. If this were the case the words "or otherwise" would not have been inserted in the Rule, and it must be reasonably assumed that when the Rule was promulgated those words were included for a purpose. Several appellate Court decisions in this State have so recognized and so held. Prior to 1968 Rule 1.420(e) made mandatory the dismissal of a suit where there had not been prosecution within one year. A second hearing, however, was afforded to enable plaintiff to show "good cause" for his failure to so prosecute the case, in which event a motion for reinstatement would be granted. In 1968 Rule 1.420(e) was amended to eliminate the double hearing procedure, but the amendment was not designed or intended to change the previous Court decisions as to what constituted "prosecution".
This 2nd District Court in Trustees of Internal Improvement Fund of Florida v. Toffel, Fla.App. 1962, 145 So.2d 737, held that the words "or otherwise" in the Rule were as significant as the "filing of pleadings" or an "order of Court" in determining the question of activity. And our decision in Toffel also holds that such activity as would toll the one year period need not be reflected in the record proper of the case  it might be matters dehors the record.
Several other appellate Court decisions are persuasive of our view. The Supreme Court of Florida in Adams Engineering Co. v. Construction Products Corp., Fla. 1963, 156 So.2d 497, held that the "activity" to obviate dismissal need not appear of record during the one-year period. In that case the "activity" which forestalled dismissal was merely the verbal request of the appellant in asking the trial Court clerk to set the cause for trial on the trial docket, with nothing in writing filed in the case.
There is another circumstance of significance in the instant case which negates a holding of "no prosecution" within the one-year period. In Rosenfeld v. Glickstein, Fla.App. 1967, 200 So.2d 242, and Owens v. Ken's Paint and Body Shop, Fla.App. 1967, 196 So.2d 17, the 1st District Court and 3rd District Court respectively held that the filing of a notice to take deposition was held to inhibit activation of the Rule. In the case sub judice we do not find that any notice of taking depositions *439 or for discovery was actually filed or served, but we do find that contacts between counsel, largely in writing begun as early as February, 1969, had produced, as of February, 1970, the full equivalent of what the filing and service of such a motion to produce would have accomplished, namely, the production of certain check stubs and cancelled checks of Edward during his lifetime relating to the identical subject matter of the suit.
This evidence was certainly pertinent to the case. On October 22, 1969, counsel for Edward's Estate acknowledged that the check stubs and cancelled checks in question "were now available" and that "there is quite a stack of them". But before arrangements could be made by and between opposing counsel for such sifting out of the "quite a stack" of check stubs and cancelled checks the trial Court intercepted the whole procedure on March 16, 1970 by dismissing the cause for lack of prosecution for a period of one year then last past.
It is our view the able Chancellor misconceived the rationale of Rosenfeld, Owens, and Adams Engineering Co., aforesaid, the holdings in which cases we entirely approve. While there is no record showing the efforts to discover or to mandatorily produce records in question it certainly, to say the least, was equivalent thereto. In actuality, the non-record activity of counsel for Ralph's Estate succeeded in bringing to light certain vital record evidence, which is certainly the ultimate objective of the discovery and compulsory production Rules. In this connection, we are reminded again that the "activity" that tolls the running of the Rule may be outside the record as well as on the record. The only difference is that if it is outside the record it must be proven at a hearing before the Court, which in this case was done as evidenced by the recital in the Court's order of dismissal that "the statements of fact in the answer [of Ralph's Estate] are deemed admitted as true for purpose of the hearing".
It follows that the order granting the motion to dismiss for failure to prosecute the cause must be and is 
Reversed and the cause remanded for further proceedings not inconsistent herewith.
LILES, Acting C.J., and MANN, J., concur.