263 So.2d 221 (1972)
MUSSELMAN STEEL FABRICATORS, INC., a Florida Corporation, Petitioner,
v.
Kathleen Mae RADZIWON, Individually, and As Widow of Frank Radziwon, Deceased, and Frank J. Rooney, Inc., a Florida Corporation, Respondents.
No. 41465.
Supreme Court of Florida.
May 10, 1972.
Thomas B. Mimms, Jr. of Fleming, O'Bryan & Fleming, Fort Lauderdale, for petitioner.
Ellen S. Mills, of Kirsch, DiGiulian, Druck & Spellacy, Fort Lauderdale, for respondents.
DEKLE, Justice.
Petition for writ of certiorari brings for review a "failure to prosecute" decision of the Fourth District Court of Appeal at 250 So.2d 327 (1971). We tentatively accepted jurisdiction upon the basis of apparent conflict with prior decisions of this Court in Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1971), and Sroczyk v. Fritz, 220 So.2d 908 (Fla. 1969). Fla. Const. art. V, § 4(2), F.S.A.
We are asked to determine whether there was sufficient affirmative action pursuant to Rule 1.420(e), R.C.P., 30 F.S.A., to justify a denial of a motion to dismiss for failure to prosecute. It is noted that the further Fourth District case of Eastern Elevator, Inc. v. Page, at 250 So.2d 326 (Fla. App. 4th 1971), cert. dischg. with opinion this day, 263 So.2d 218 (Fla. 1972); Fleming v. Florida Power Corp., 254 So.2d 546 (Fla.App.2d 1971), cert. denied this day *222 also at 262 So.2d 447 (Fla. 1972); and this Court's recent opinion in Chrysler Leasing Corp. v. Passacantilli, 259 So.2d 1 (Fla. 1972), involve constructions of the same Rule.[1]
The respondent (hereafter referred to as "plaintiff") filed an action for damages against petitioner ("defendant") on October 24, 1969. Service was made on all defendants by October 30, 1969. The defendant filed its answer on November 20, 1969, and took the depositions of two witnesses on January 2, 1970. Notice of filing of the depositions was waived by both parties. On January 19, 1970, the court reporter filed transcripts of the two depositions with the clerk of the court. On January 4, 1971, the defendant filed a motion to dismiss the cause for failure to prosecute pursuant to Rule 1.420(e), R.C.P. This motion was made after a year had elapsed since the taking of the depositions; however, it was within one year from the date the transcripts were filed in the circuit court. Plaintiff timely filed a response under the Rule, reciting this to show "good cause" why the case should not be dismissed.
The trial judge found the filing to be "action" and denied the motion to dismiss, saying:
"[T]he filing of the depositions ... with the Clerk of the Circuit Court of Broward County, Florida, pursuant to the provisions of R.C.P. 1.310(f) constituted the taking of a sufficient action in this cause within a one year period to preclude dismissing this cause for lack of prosecution... ."
We agree with the learned chancellor and with his appellate court in affirming his action as correct in these circumstances.
Aside from the court reporter's filing of depositions, defendant counsel's act of mailing to plaintiff's counsel photographic copies of 3 exhibits which were marked for identification during the depositions constitutes sufficient action within the meaning of Rule 1.420(e). This was affirmative action moving in a continuous stream toward disposition of the cause. Accordingly, the motion to dismiss could be denied on this reason alone (even though it is not set forth as an express ground in the trial court's actual order or the district court's opinion itself, but appears in the record on appeal). It is worthy of mention here as a future guide which may prove helpful in the seemingly never-ending ramifications of this squid-like problem. A similar holding is well expressed by Judge Robert Mann of the Second District in Fleming v. Florida Power Corp., supra.
Petitioner argues that "nonrecord" activity, such as this mailing of photographic copies, is not "action." Necessary "action" is not confined to acts within the record, although of course the act must be "intended and calculated to hasten the suit to judgment."[2] In Adams Engineering Co. v. Construction Products Corp., 156 So.2d 497 (Fla. 1963), the clerk of circuit court had failed to docket the case for trial as directed in an order which was entered more than one year prior to the motion to dismiss for lack of prosecution. Prior to expiration of one year from date of the order to set for trial, plaintiff's counsel brought the order to the attention of the clerk, who *223 then stated that the case would be set for trial. This "action" which was nonrecord activity was the only "action" within the one-year period. It was supported by affidavit upon hearing of the motion to dismiss for lack of prosecution (as appears from our original record in Adams). This Court in Adams, speaking through our eminent, now retired Mr. Justice Drew, held this to be "action" sufficient to avoid dismissal. See also Mr. Justice Drew's concurring opinion in Sroczyk, supra, wherein he commented upon Adams, saying: (220 So.2d p. 913).
"[T]he Adams' decision clearly held that `action' under the statute may be shown by acts outside the record in the trial proceedings... ."
We note that Adams was decided under Fla. Stat. § 45.19, F.S.A. prior to the adoption of Rule 1.420(e). However, as we said in Chrysler Leasing Corp., supra, the promulgation of this Rule does not change any prior decisions.
Moreover, nonrecord activity has heretofore been considered as sufficient action under Rule 1.420(e). See Whitney v. Whitney, 241 So.2d 436 (2nd DCA Fla. 1970), cert. denied 245 So.2d 88 (Fla. 1971). There an exchange of letters for a voluntary production of checks and stubs was an accelerated means to be encouraged which hastened the suit toward judgment. The letters appeared in the record as proof submitted to show the nonrecord "action." This avoided a motion and order for production, the slower process which might have been used and would of course have constituted "prosecution."
We therefore find that the act of sending photographic copies of exhibits by defense counsel to plaintiff's counsel here is similar action which moves the cause without resort to the courtroom, and correspondingly hastens the suit toward judgment.
For the above reasons, the writ of certiorari is hereby discharged.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.
NOTES
[1] "FAILURE TO PROSECUTE. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion (as amended effective Oct. 1, 1968)."
[2] Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1951).