277 So.2d 298 (1973)
Dewey DUKES, Appellant,
v.
CHEMICALS, INC., Appellee.
No. 72-723.
District Court of Appeal of Florida, Second District.
April 25, 1973.
Rehearing Denied May 29, 1973.
Brown, Dixon & Shear, Tampa, and Podhurst, Orseck & Parks, Miami, for appellant.
Allen, Dell, Frank & Trinkle, Tampa, for appellee.
LILES, Judge.
In 1967 appellant filed a complaint against appellee for personal injuries resulting from the alleged negligence of the appellee (defendant below). From May 18, 1971 to May 31, 1972 the record reflects that no action was taken in the law suit. Appellee filed a motion to dismiss pursuant to FRCP 1.420(e), 30 F.S.A., and the cause was dismissed for failure to prosecute. In opposition to appellee's motion to dismiss, appellant filed an affidavit setting forth that there had been activity during the period, though it was non-record activity. There had been a verbal request by appellant's counsel for appellee's counsel to produce certain logs and records without the necessity of a formal filing of a motion to produce.
At the hearing upon appellant's motion to reinstate, it was brought out that appellee's counsel had sought the documents without results and there appeared in the record the following:
"Mr. Heyck: I agree with Mr. Brown that he and I discussed this, and I inquired about such documents and got no response from the client... . I did what I told Mr. Brown I would do. I tried to get these documents... ."
It therefore appears that the trial judge erred in failing to reinstate the cause for the reason that there was activity, even though it was not of record, and the activity was in lieu of a motion to produce which could have been filed by the appellant. This complies with the activity discussed by this court in Whitney v. Whitney, 241 So.2d 436 (Fla.App. 1970), cert. den. 245 So.2d 88 (Fla. 1971), and by the Florida Supreme Court in Musselman Steel Fabricators, Inc. v. Radziwon, 263 So.2d 221 (Fla. 1972), holding that non-record activity is sufficient under the "or otherwise" provision of FRCP 1.420(e). See also, Fleming v. Florida Power Corp., 254 So.2d 546 (2d D.C.A.Fla. 1971).
Based on Whitney and Musselman, supra, the order denying reinstatement is *299 hereby reversed and the cause remanded for proceedings consistent with this opinion.
MANN, C.J., and BOARDMAN, J., concur.