294 So.2d 690 (1974)
Jack Henry LEVERENZ, Appellant,
v.
Ralph J. SCHMIEDER and Ralph F. Schmieder, Appellees.
No. 73-865.
District Court of Appeal of Florida, Third District.
April 23, 1974.
Rehearing Denied June 7, 1974.
George W. Drake, Miami, for appellant.
Spencer & Taylor and Albert E. Harum, Jr., Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of the trial court's order dismissing his complaint for failure to prosecute pursuant to RCP 1.420(e), 30 F.S.A.
In 1971 plaintiff-appellant filed a complaint for personal injuries resulting from the alleged negligence of the defendant-appellee. The last recorded activity in this *691 cause was the filing of the deposition of James D. Hanson, M.D. on April 12, 1972. One year and one day later on April 13, 1973 counsel for defendant filed a motion to dismiss wherein he alleged that plaintiff had taken no action by filing of pleadings, order of court or otherwise actively pursued the instant lawsuit in excess of one year. A hearing was held thereon and the parties submitted memoranda of law in support of their respective positions. On May 23, 1973 the trial judge entered an order dismissing the cause on the grounds that no action had been taken for a period in excess of one year. Thereafter, appellant moved for rehearing of the order of dismissal. However, after a hearing was held thereon, the judge denied the motion. Plaintiff appeals from the order of dismissal.
It is well established that nonrecord activity is sufficient under the "or otherwise" provision of RCP 1.420(e). Musselman Steel Fabricators, Inc. v. Radziwon, Fla. 1972, 263 So.2d 221 and cases cited therein. The "action" contemplated thereunder in prosecuting a case of necessity involved actions which result in contact by one party with the opposing party or the court. Wells v. Van Arnam, M.D., Fla.App. 1973, 271 So.2d 186. The record in the case sub judice contains the affidavit of Charles Green who states therein that he was employed as an attorney by the Law Offices of J. Leon Coleman and was responsible for the defense of this lawsuit and that during the one year period of alleged inactivity he requested and received from plaintiff's counsel the medical report of Dr. Demos. Thus, defendant's allegation in the motion for dismissal that there has been no activity in the instant action for over one year is inaccurate.
We conclude that the receipt of the above medical report is sufficient activity and, therefore, the trial judge erred in failing to reinstate the cause for the reason that there was activity, even though it was not of record. Cf. Whitney v. Whitney, Fla.App. 1970, 241 So.2d 436, Dukes v. Chemicals, Inc., Fla.App. 1973, 277 So.2d 298.
Accordingly, the order of dismissal is hereby reversed and the cause remanded with directions to reinstate the instant action.
Reversed and remanded.