302 So.2d 155 (1974)
Ralph E. EDDINGS, Jr., and Reserve Insurance Company, Appellants,
v.
Josephine DAVIDSON and Donald Davidson, Appellees.
No. V-376.
District Court of Appeal of Florida, First District.
October 24, 1974.
*156 Robert P. Gaines, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellants.
W.H.F. Wiltshire, Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellees.
BOYER, Judge.
We here again consider the applicability of Rule 1.420(e) RCP. That rule is as follows:
"Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion." (Italics added)
By Order dated February 8, 1973 the subject case was set for trial by jury on Tuesday April 3, 1973. Thereafter, on February 19, 1973 the defendants filed an interrogatory requesting a list of each item of expense claimed to have been incurred by the plaintiffs as a result of the accident giving rise to this controversy subsequent to September 24, 1970.
On March 29, 1973 the defendants' attorneys wrote a letter to the attorney for the plaintiffs which letter recited:
"This will confirm our agreement that trial of this cause will be postponed pending further settlement negotiations. Those negotiations are to be conducted with Mr. Healy of Reserve Insurance Company."
Thereafter various correspondence passed to and fro between the attorneys and between the attorney for the plaintiffs and the Mr. Healy referred to in the letter above quoted.
On April 10, 1973 plaintiffs' attorney wrote a letter to Mr. Healy enclosing a medical report from plaintiff's orthopedic physician dated March 30, 1973.
On February 20, 1974 defendants filed a Motion to Dismiss, seeking to have the cause dismissed pursuant to the provisions of the above quoted rule in which motion it is recited "that the last action taken herein for prosecution of the same was the filing by defendants of interrogatories to plaintiffs on February 19, 1973." A hearing *157 on that motion was scheduled for March 15, 1974. More that five days prior to said hearing, viz: On March 8, 1974, plaintiffs' attorney filed and served a document entitled "Plaintiffs Showing of Good Cause."
The trial judge denied the defendants' Motion to Dismiss for want of prosecution and this appeal followed.
Appellants rely upon various decisions of the District Courts of Appeal, including this Court, all of which predate Musselman Steel Fabricators, Inc. v. Radziwon, Sup.Ct.Fla. 1972, 263 So.2d 221. Needless to say, the last pronouncement of the Supreme Court of Florida on a given subject or point, if based upon factually similar circumstances, is controlling. Our examination of the last mentioned case, being the latest pronouncement of our Supreme Court, reveals that it was based upon circumstances factually similar to those sub judice, and is dispositive of the issue here involved. There the court held, without dissent, that "nonrecord" activity which moves the case toward ultimate resolution is sufficient "prosecution" under the rule. As we emphasized in our above quotation of the rule, prosecution of the cause may be accomplished by means other than the filing of pleadings or orders of the court. The Rule makes clear and specific provision for other forms of prosecution by use of the words "or otherwise". (See Adams Engineering Co. v. Construction Products Corp., Sup.Ct.Fla. 1963, 156 So.2d 497, Whitney v. Whitney, Fla.App.2nd 1970, 241 So.2d 436, and Fields v. Fields, Fla.App.1st 1974, 291 So.2d 663.)
In the Musselman case, supra, the Supreme Court said:
"Aside from the court reporter's filing of depositions, defendant counsel's act of mailing to plaintiff's counsel photographic copies of 3 exhibits which were marked for identification during the depositions constitutes sufficient action within the meaning of Rule 1.420(e). This was affirmative action moving in a continuous stream toward disposition of the cause. Accordingly, the motion to dismiss could be denied on this reason alone (even though it is not set forth as an express ground in the trial court's actual order or the district court's actual opinion itself, but appears in the record on appeal). It is worthy of mention here as a future guide which may prove helpful in the seemingly never-ending ramifications of this squid-like problem. * * *
"Petitioner argues that `nonrecord' activity, such as this mailing of photographic copies, is not `action.' Necessary `action' is not confined to acts within the record, although of course the act must be `intended and calculated to hasten the suit to judgment.' In Adams Engineering Co. v. Construction Products Corp., 156 So.2d 497 (Fla. 1963), the clerk of the circuit court had failed to docket the case for trial as directed in an order which was entered more than one year prior to the motion to dismiss for lack of prosecution. Prior to expiration of one year from date of the order to set for trial, plaintiff's counsel brought the order to the attention of the clerk, who then stated that the case would be set for trial. This `action' which was nonrecord activity was the only `action' within the one-year period. It was supported by affidavit upon hearing of the motion to dismiss for lack of prosecution (as appears from our original record in Adams). This Court in Adams, speaking through our eminent, now retired Mr. Justice Drew, held this to be `action' sufficient to avoid dismissal. See also Mr. Justice Drew's concurring opinion in Sroczyk, supra, [Sroczyk v. Fritz, 220 So.2d 908 (Fla. 1969)], wherein he commented upon Adams, saying: (220 So.2d p. 913).
`[T]he Adams' decision clearly held that "action" under the statute may be shown by acts outside the record in the trial proceedings... .'

*158 "We note that Adams was decided under Fla. Stat. § 45.19, F.S.A. prior to the adoption of Rule 1.420(e). However, as we said in Chrysler Leasing Corp., supra, [259 So.2d 1 (Fla. 1972)] the promulgation of this Rule does not change any prior decisions.
"Moreover, nonrecord activity has heretofore been considered as sufficient action under Rule 1.420(e). See Whitney v. Whitney, 241 So.2d 436 (2nd DCA Fla. 1970), cert. denied 245 So.2d 88 (Fla. 1971). There an exchange of letters for a voluntary production of checks and stubs was an accelerated means to be encouraged which hastened the suit toward judgment. The letters appeared in the record as proof submitted to show the nonrecord `action.' This avoided a motion and order for production, the slower process which might have been used and would of course have constituted `prosecution.'

"We therefore find that the act of sending photographic copies of exhibits by defense counsel to plaintiff's counsel here is similar action which moves the cause without resort to the courtroom, and correspondingly hastens the suit toward judgment." (Emphasis added. 263 So.2d at pages 222 and 223)
Following the Supreme Court's Musselman decision, our sister Court of the Third District, in Leverenz v. Schmieder, Fla. App.3rd 1974, 294 So.2d 690, under circumstances factually similar to those sub judice, held as follows:
"It is well established that nonrecord activity is sufficient under the `or otherwise' provision of RCP 1.420(e). Musselman Steel Fabricators, Inc. v. Radziwon, Fla. 1972, 263 So.2d 221 and cases cited therein. The `action' contemplated thereunder in prosecuting a case of necessity involved actions which result in contact by one party with the opposing party or the court. Wells v. Van Arnam, M.D., Fla.App. 1973, 271 So.2d 186. The record in the case sub judice contains the affidavit of Charles Green who states therein that he was employed as an attorney by the Law Offices of J. Leon Coleman and was responsible for the defense of this lawsuit and that during the one year period of alleged inactivity he requested and received from plaintiff's counsel the medical report of Dr. Demos. Thus, defendant's allegation in the motion for dismissal that there has been no activity in the instant action for over one year is inaccurate.
"We conclude that the receipt of the above medical report is sufficient activity and, therefore, the trial judge erred in failing to reinstate the cause for the reason that there was activity, even though it was not of record. Cf. Whitney v. Whitney, Fla.App. 1970, 241 So.2d 436, Dukes v. Chemicals, Inc., Fla.App. 1973, 277 So.2d 298.
"Accordingly, the order of dismissal is hereby reversed and the cause remanded with directions to reinstate the instant action." (294 So.2d at page 691)
In line with the two decisions above cited, we hold that the nonrecord activity in the case sub judice, particularly the furnishing of the medical report by plaintiffs on April 10, 1973 to Mr. Healy, in accordance with defendants' specific directions, constituted sufficient nonrecord activity aimed toward moving the case to conclusion to constitute "prosecution" under the "or otherwise" provision of the subject rule.
Further, we observe that there must have been, or certainly should have been, some record activity subsequent to March 29, 1973. As hereinabove recited the case had been set for trial by order of the court dated February 8, 1973. The parties apparently agreed to a postponement of the trial, that agreement having been confirmed by the defendants' attorney in writing on March 29, 1973. In accordance with that agreement it would appear that there must have been some action or *159 order by the court vacating or modifying its prior order setting the case for trial. Clearly it is the intention of the subject rule that actions or activities on the part of the court are sufficient to toll the application of the rule. (See Adams Engineering Co. v. Construction Products Corp., supra, and Fields v. Fields, supra)
Affirmed.
RAWLS, C.J., and McCORD, J., concur.