308 So.2d 129 (1975)
ST. ANNE AIRWAYS CORP., and J. Shaw Webb, III, Appellants,
v.
Jerry LAROTONDA, Appellee.
No. 74-1492.
District Court of Appeal of Florida, Third District.
February 18, 1975.
*130 Feldman & Abramson, Miami, and Jose Smith, Miami Beach, for appellants.
Talburt, Kubicki & Bradley, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellants' complaint filed on July 10, 1972 against the appellee, Jerry Larotonda, was dismissed by the trial court pursuant to RCP 1.420(e).
Appellants seek review of the court's order arguing that a notice of appearance filed of record by their counsel, after prior counsel had withdrawn from the case, was sufficient action under the rule to preclude a dismissal for failure to prosecute for a period of one year. The order appealed was entered on October 3, 1974 pursuant to a motion to dismiss for failure to prosecute filed by the appellee on July 26, 1974.
Prior to July 26th, the only activity of any nature undertaken within the previous year was a notice of appearance filed by the law firm of Feldman and Abramson on October 9, 1973.
From the record, we also observe that this notice of appearance was filed well after the 60 days given to the appellants by an agreed order entered on January 22, 1973 in which to obtain new counsel, which apparently was also the last record activity taken before the notice of appearance was filed.
Appellants cite several cases for the proposition that the notice of appearance constituted sufficient action within the rule. See, Eastern Elevator, Inc., Fla. 1972, 263 So.2d 218; Musselman Steel Fabricators, Inc. v. Radziwon, Fla. 1972, 263 So.2d 221; Leverenz v. Schmieder, Fla.App. 1974, 294 So.2d 690; Dukes v. Chemicals, Inc., Fla.App. 1973, 277 So.2d 298; Mantiega v. City of Miami, Fla.App. 1972, 268 So.2d 537; and, Rosenfeld v. Glickstein, Fla. App. 1967, 200 So.2d 242.
We have studied each of these cases, and find them distinguishable from this case. The proposition of law for which these cases stand, however, is relevant to the instant case.
That point of law may be stated this way: depending on the facts of each case, where an alleged action taken either by the plaintiff or the defendant during the one-year dormancy period is asserted as basis for precluding dismissal pursuant to Rule 1.420(e), the question to be asked is whether or not the act taken was intended to hasten the suit to judgment.
We find at least three cases which have considered a change of attorneys during *131 the one year dormancy period. See, Florida Power & Light Company v. Gilman, Fla.App. 1973, 280 So.2d 15; Miller v. Hartley's, Inc., Fla.App. 1957, 97 So.2d 211; Gulf Appliance Distributors, Inc. v. Long, Fla. 1951, 53 So.2d 706. In each case, it was held that such a change is not sufficient action taken under the rule to foreclose dismissal.
Accordingly, the order in this case dismissing the appellants' complaint for failure to prosecute is affirmed.
Affirmed.