316 So.2d 73 (1975)
Susan RAPPORT, Appellant,
v.
Gary WEISBERG, Appellee.
No. 74-1600.
District Court of Appeal of Florida, Third District.
July 29, 1975.
*74 Swickle, Katz & Brotman, Miami Beach, for appellant.
Wolfson, Diamond & Logan, P.A. and Lawrence M. Hatfield, Miami Beach, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of an order denying her motion to vacate order of dismissal.
On May 25, 1973 plaintiff, Susan Rapport, filed a complaint for assault and battery against the defendant, Gary Weisberg, appellee herein. Pursuant to stipulation of the parties, defendant answered on November 1, 1973, at which time he also noticed the plaintiff for deposition. On November 9, 1973, plaintiff's attorney wrote a letter to counsel for defense and requested the rescheduling of plaintiff's deposition. Enclosed with the letter were the medical bills and reports of the various doctors who treated the plaintiff. The request was granted.
Thereafter, on July 18, 1974 the trial court upon its own motion dismissed the action for failure to prosecute. On October 16, 1974 plaintiff's counsel, learning of the order of dismissal, filed a motion to vacate on the grounds that the order was entered without notice to him and that the record reflects that less than one year had elapsed since the filing of any pleadings in the cause. Attached thereto was the affidavit of plaintiff's counsel that he had not received a notice that the trial court was considering dismissal of the action; he had no knowledge that the order of dismissal had been entered; he did not receive a copy thereof notwithstanding the notation in the court file to the contrary. After hearing argument of counsel thereon, the trial judge entered the appealed order denying plaintiff's motion to vacate the order of dismissal. We reverse.
First, as counsel for appellant alleges, there is absent from the record evidence of any notice to the parties of the trial court's entertainment of its motion to dismiss for failure to prosecute in violation of RCP 1.420(e).[1]
Second, any activity of record or non-record which results in contact by one party with the opposing party or the court and which moves the cause of action towards its ultimate resolution is sufficient prosecution under the hereinabove cited rule. Wells v. Van Arnam, M.D., Fla.App. 1973, 271 So.2d 186; Leverenz v. Schmeider, Fla.App. 1974, 294 So.2d 690 and Eddings v. Davidson, Fla.App. 1974, 302 So.2d 155.
In the cause before us, defendant on November 1, 1973 filed his answer to the complaint and noticed the taking of plaintiff's deposition. Furthermore, by letter dated November 9, 1973, plaintiff-appellant's counsel requested a rescheduling of the deposition and enclosed therein medical bills and reports.
Based upon this record and non-record activity, we conclude that the trial judge's sua sponte motion to dismiss for failure to prosecute was premature and erroneous and, therefore, the trial judge erred in denying plaintiff-appellant's motion to vacate order of dismissal. Cf. Musselman Steel Fabricators, Inc. v. Radziwon, Fla. 1972, 263 So.2d 221; Manteiga v. City of Miami, Fla.App. 1972, 268 So.2d 537; Dukes v. *75 Chemicals, Inc., Fla.App. 1973, 277 So.2d 298.
Accordingly, we hereby reverse the order denying the motion to vacate and remand the cause to the trial court with directions to vacate its order of dismissal and to reinstate plaintiff's action.
It is so ordered.
NOTES
[1] "Rule 1.420. Dismissal of Actions

* * * * *
"(e) Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion. [Emphasis supplied]