GRIMES, Judge.
This is an appeal from an order denying dismissal for lack of prosecution.
A suit for damages was filed on July 6, 1972. There was no answer filed but no default taken. On September S, 1974, a motion, notice and judgment of dismissal were entered, sua sponte, by the court in which it was stated that the suit would stand dismissed for lack of prosecution unless the plaintiffs filed a Showing of Good Cause by September 18, 1974, in which event a hearing would be held on September 23, 1974, for the purpose of deciding the issue. The plaintiffs timely filed a Showing of Good Cause. Following the hearing the court entered an order that the cause should continue and not be dismissed for lack of prosecution.
The Statement of Good Cause and the briefs filed by the parties reflect that the plaintiffs were deliberately refraining from 'prosecuting the case for fear of putting the defendant into bankruptcy. The last communication between counsel was when the plaintiffs’ lawyer wrote the defendant’s lawyer more than sixteen months before the motion for dismissal was filed.
In Whitney v. Whitney, Fla.App.2d, 1970, 241 So.2d 436, this court held that certain non-record activities of counsel were the equivalent of the filing of pleadings such as would toll the time for dismissal for lack of prosecution under Rule 1.-420(e) RCP. However, the non-record activity in that case consisted of the conduct of informal discovery proceedings by counsel for both parties which had the effect of moving the case forward. In Fleming v. Florida Power Corporation, Fla.App.2d, 1971, 254 So.2d 546, this court explained that the non-record activity of counsel in Whitney which met the “or otherwise” test set forth in the rule was activity of which the other counsel had notice and which would appear of record but for their amicable progress in the case.
The Supreme Court in Musselman Steel Fabricators, Inc. v. Radziwon, Fla.1972, 263 So.2d 221, held that defense counsel’s act of mailing to plaintiff’s counsel photographic copies of certain exhibits which were marked for identification during a previous deposition constituted sufficient “action” within the meaning of Rule 1.-420(e). The court reasoned that this was affirmative action moving in a continuous stream toward the disposition of the case. See also, Eddings v. Davidson, Fla.App. 1st, 1974, 302 So.2d 155; Dukes v. Chemicals, Inc., Fla.App.2d, 1973, 277 So.2d 298. *61 Our sister court in St. Anne Airways Corp. v. Larotonda, Fla.App.3d, 1975, 308 So.2d 129, recently defined the proposition of law applicable to these cases as follows:
“That point of law may be stated this way: depending on the facts of each case, where an alleged action taken either by the plaintiff or the defendant during the one-year dormancy period is asserted as basis for precluding dismissal pursuant to Rule 1.420(e), the question to be asked is whether or not the act taken was intended to hasten the suit to judgment.”
A unilateral decision to do nothing in a cause, no matter how well advised, cannot be considered as “action” taken which is intended to hasten a suit to judgment. Under the rule, the suit should have been dismissed.
Reversed.
McNULTY, C. J., and BOARDMAN, J., concur.