340 So.2d 1261 (1976)
Gregory LATIMORE, a Minor Child, by and through His Mother and Next Friend, Pearline Latimore, and Pearline Latimore, Individually, Appellants,
v.
Clifford MATTHEWS, Individually and in His Official Capacity As Principal of Lillie C. Evans Elementary School, and Edward Whigham, Individually and in His Capacity As Superintendent of the Dade County School System, Appellees.
No. 76-1269.
District Court of Appeal of Florida, Third District.
December 23, 1976.
Stephen T. Maher, Miami, for appellants.
Leland E. Stansell, Jr., and Robert A. Glassman, Frank A. Howard, Jr., Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
*1262 PER CURIAM.
By this appeal, plaintiffs question the correctness of a trial court's dismissing their cause for failure to prosecute.
The record on appeal reveals the following: A complaint was filed in November of 1973. Discovery was taken and, in March of 1975, interrogatories were propounded to the defendant. These were answered on May 9, 1975. Original counsel of record for the plaintiffs died in August of 1975. In April of 1976, a motion for substitution of counsel for plaintiffs was filed and a motion to permit discovery by other than stenographic means were filed, pursuant to Fla. R.Civ.P. 1.310(b)(4). These motions were scheduled for hearing on May 28, 1976. Thereafter, the defendants filed a motion to dismiss for failure to prosecute and set this motion at the same time, on May 28, 1976. The court, upon a review of the record, granted the motion to dismiss. This appeal ensued. We reverse.
It has been held that the filing of a deposition by a court reporter constitutes affirmative action in a cause. Licausi v. Airport Transportation Service, Inc., 252 So.2d 835 (Fla. 4th D.C.A. 1971); Musselman Steel Fabricators, Inc. v. Radziwon, 263 So.2d 221 (Fla. 1972). If this be so, then the filing of answers to interrogatories should be similarly treated. Therefore, the date from which the one-year period would commence to run would be May 9, 1975. Counsel for appellee contends that the motion to substitute counsel does not constitute affirmative action, citing Florida Power & Light Company v. Gilman, 280 So.2d 15 (Fla. 3rd D.C.A. 1973); St. Anne Airways Corp. v. Larotonda, 308 So.2d 129 (Fla. 3rd D.C.A. 1975). He also contends that the motion to have discovery by other than stenographic means did not constitute affirmative action in the cause.
We may agree with the first position, but with the second we do not. We hold that this motion, pursuant to Fla.R. Civ.P. 1.310(b)(4), did constitute such action as would successfully prevent a dismissal for want of prosecution. Counsel for the appellee further urges, in support of the order, that the trial court was correct in dismissing the matter under his inherent power to control his docket. There was no finding by the trial court that the plaintiff was wilfully delaying prosecution of the matter and, therefore, under the recent decision in Kenet v. Stein, 326 So.2d 36 (Fla. 3rd D.C.A. 1976) this is not a good basis to support the trial court's ruling.
The Order be and the same is hereby reversed, with directions to the trial judge to reinstate the cause.
Reversed and remanded, with directions.