349 So.2d 1212 (1977)
SAINER CONSTRUCTORS, INC., a Florida Corporation, and Fidelity and Deposit Company of Maryland, a Maryland Corporation, Appellants,
v.
PASCO COUNTY SCHOOL BOARD, a Public Authority Existing under the Laws of the State of Florida, for the Use and Benefit of Sims Crane Service, Inc., a Florida Corporation, Appellee.
No. 77-380.
District Court of Appeal of Florida, Second District.
September 16, 1977.
As Modified on Denial of Rehearing October 5, 1977.
*1213 Hugh C. Ferrell of Trawick, Griffis & Ferrell, Sarasota, for appellants.
C. Elmon Gatlin, Tampa, for appellee.
SCHEB, Judge.
The trial court denied appellants/defendants' motion to dismiss for lack of prosecution, holding that certain non-record activities which occurred in the course of this litigation constituted good cause shown to avoid dismissal for lack of prosecution under Fla.R.Civ.P. 1.420(e). This interlocutory appeal by defendants ensued. We affirm.
Defendants contend the trial court erred because: (1) non-record activity is no longer sufficient to avoid dismissal under Rule 1.420(e), since the rule was amended effective January 1, 1977, to specify that only activity appearing on the face of the record is sufficient to avoid involuntary dismissal; and, (2) even under the rule as it stood before amendment, the non-record activity in this case was not sufficient to furnish good cause to avoid dismissal.
To place this problem into proper perspective, some background of the litigation is necessary. It seems that during 1974 the Pasco County School Board, as use plaintiff for Sims Crane Service, Inc., filed suit in circuit court against defendants Sainer Constructors, Inc. and Fidelity & Deposit Company of Maryland, as principal and surety respectively on a public works bond. The complaint sought compensation for crane service furnished by Sims to one of Sainer's subcontractors on a public works project. Also, in 1974 Sims Crane Service *1214 sued Sainer Constructors in circuit court on an open account.
In November 1975 defendant Sainer moved unsuccessfully for summary judgment in the cause now before us; i.e., suit against Sainer and its surety on the public works contract. Then, in January 1976, Sainer moved successfully for summary judgment in the open account case. In both, Sainer claimed that a general release delivered to it had the effect of discharging the claims made by plaintiff Sims.
On December 31, 1976, defendant Sainer filed its motion to dismiss the public works case now before us for lack of prosecution. Plaintiff opposed the motion with an affidavit from its counsel attesting to contacts with defense counsel concerning the formulation of a stipulated statement of facts. Though a stipulation was eventually prepared by plaintiff's counsel, it was never executed nor sent to the defendants. Plaintiff also filed a transcript of certain proceedings in the open account case which concerned the release and its effect on that case as well as the cause now before us.
The trial court refused to dismiss for lack of prosecution, stating:
[T]he Court finds that there was non-record activity in February of 1976 which would constitute "affirmative action moving in a continuous stream toward a disposition of the case." Musselman Steel Fabricators, Inc., vs. Radziwon, 263 So.2d 221. This activity is evidenced by the transcript of testimony taken before the Honorable I.C. Spoto in a companion case, Sims Crane Service Inc., vs Sainer Constructors, Inc., 74-12295, and by the affidavit of the plaintiff's attorney that about the same time he endeavored to effect a stipulation with the defendant's attorney of a statement of facts which would expedite the final hearing, although such a stipulation was not entered.
Defendants correctly point out that Rule 1.420(e) had been amended by the supreme court effective January 1, 1977. The rule as it stood before the amendment has been construed by the courts to allow non-record activity to be considered as good cause to avoid dismissal for lack of prosecution. Musselman Steel Fabricators, Inc. v. Radziwon, 263 So.2d 221 (Fla. 1972). As amended, the rule now requires that the activity must appear "on the face of the record" in order to save a cause from dismissal. The meaning of the new language is clear. Non-record activity as defined in the decisional law construing the former rule can no longer be good cause to avoid dismissal for lack of prosecution. But, does this mean that non-record activity prior to the effective date of the amended rule is of no avail to one opposing dismissal?
Although defendants have correctly interpreted the meaning of the rule as amended, we believe that non-record activity prior to 1977 which was recognized under interpretation of the former rule, may still be sufficient good cause to avoid dismissal under the amended rule. The amended rule contains a caveat, just as the former rule did, to the effect that an action shall not be dismissed if a party shows "good cause" why it should not be. Certainly a trial judge could conclude, as he did in this case, that compliance with the former rule would be "good cause" not to dismiss under the amended rule. Justice and fairness require this to be so.
The important question thus becomes: Did plaintiff's non-record activities amount to good cause to avoid dismissal under the former rule?
The standard utilized by the courts to judge whether non-record activity is sufficient to avoid dismissal has often been stated as follows:
[A]ny activity of record or non-record which results in contact by one party with the opposing party or the court and which moves the cause of action towards its ultimate resolution is sufficient prosecution under the hereinabove cited rule [i.e., Rule 1.420(e)]. Rapport v. Weisberg, *1215 316 So.2d 73, 74 (Fla. 3d DCA 1975) (citations omitted).
We have considerable reservations as to whether the hearing in the open account case was sufficient under this standard. We cannot see how the hearing in the companion case advanced this litigation. If plaintiff deemed it essential to the progress of this suit to litigate the effect of the release, it could have done so in this case.
We think, however, the affidavit by plaintiff's counsel formed a basis for the trial judge's finding that the effort to enter into a stipulation was sufficient non-record activity to avoid dismissal. Though defendants' affidavit denied there was specific contact concerning the proposed stipulation, there was before the trial court a letter dated February 12, 1976, from plaintiff's counsel to defendants' counsel which could be interpreted to indicate that there had been contact between opposing counsel concerning the stipulation. In any event, we must resolve the factual dispute presented by the opposing affidavits in a manner that supports the trial court's ruling, if possible. We conclude that the affidavit by plaintiff's counsel was sufficient to support the trial court's finding. In short, we do not think defendants have sustained the heavy burden of showing that the trial court's refusal to dismiss the cause was an abuse of judicial discretion. Adams Engineering Co. v. Construction Products Corp., 156 So.2d 497 (Fla. 1963); Eli Einbinder, Inc. v. Miami Crystal Ice Co., 317 So.2d 126 (Fla. 3d DCA 1975).
In sum, we hold that there was sufficient evidence before the trial court upon which it could have based its finding that there had been contact between the parties intended to hasten the suit to its conclusion, and that this activity constituted good cause for not dismissing the case for lack of prosecution.
Affirmed.
BOARDMAN, C.J., and GRIMES, J., concur.