BOARDMAN, Chief Judge.
This is an interlocutory appeal of an order of the trial court denying a motion to dismiss for lack of prosecution filed by appellant, Rolfe D. Duggar (Duggar), under Fla.R.Civ.P. 1.420(e). We reverse.
In December 1974 suit was brought against appellee, Quality Development Corporation of Florida (Quality), by a condominium association, and as to those parties the action was settled by stipulation in December 1975. On October 29, 1975 Quality filed a third-party complaint against appellant and on October 30 a third-party complaint against appellee, Hilborn, Werner, Carter & Associates, Inc. (Hilborn). Various other counterclaims and cross-claims were filed by these parties. They included a cross-claim by Hilborn against Duggar and a counterclaim by Duggar against Hil-born. The last record activity among these parties was on March 10,1976 when Quality filed a response to Duggar’s affirmative defenses. More than one year later, on March 15, 1977, Duggar filed a motion to dismiss. Quality, within a short time thereafter, filed a response to the motion and a motion to set the case for trial. Hilborn failed to file either a response or a motion in opposition to appellant’s motion.
Appellees argue that allegations set out in Quality’s response to the motion to dismiss, that is that the attorney for Quality attempted to contact counsel for appellant by mail and telephone from time to time during the one-year period to ascertain from him the time necessary to set for trial, are sufficient to sustain the trial court’s ruling. Additionally, it is asserted that Quality’s attorney had prepared a motion to set the case for trial and left the time and date blank, although he did not mail or serve it upon appellant or file it in court until the motion to dismiss was filed. We think it pertinent to mention that when the motion to set the case for trial was filed the time estimated for trial was one-half a day.
Appellant contends the trial court erred and urges reversal of the court’s ruling on two alternative grounds. First, Fla. R.Civ.P. 1.420(e) as amended by the supreme court effective January 1, 1977 mandates dismissal because there was no record activity within a one-year period. We do not agree. The amended rule which requires that the activity appear on the face of the record to prevent dismissal is not applicable to cases involving nonrecord activity prior to the effective date of that amendment. We decided this issue contrary to the position of appellant in the recent case of Sainer Constructors, Inc. v. Pasco County School Board, 349 So.2d 1212 (Fla.2d DCA 1977). Second, the reasons stated in Quality’s response did not constitute good cause to deny the motion to dismiss for lack of prosecution under former Rule 1.420(e). We agree. The rule had previously allowed nonrecord activity to be considered as good cause to avoid dismissal for lack of prosecution. Musselman Steel Fabricators, Inc. v. Radziwon, 263 So.2d 221 (Fla.1972). The standard used by the courts to determine whether nonrecord activity was sufficient to avoid dismissal has been stated as follows:
[A]ny activity of record or non-record [sic] which results in contact by one party with the opposing party or the court and which moves the cause of action towards its ultimate resolution is sufficient prosecution under the hereinabove cited rule [Fla.R.Civ.P. 1.420(e)].
Rapport v. Weisberg, 316 So.2d 73, 74 (Fla.3d DCA 1975).
In our judgment the duty rested upon appellees to prosecute their respective actions and not upon appellant as is contended by appellees. Appellees’ nonrecord activity falls short of the standard. It cannot be said to hasten the action to judgment and does not demonstrate good cause to toll the running of the time period.
We reverse with directions to the trial court to vacate the order denying the motion to dismiss and to enter an order dismissing these actions.
REVERSED with directions.
McNULTY and GRIMES, JJ., concur.