382 So.2d 863 (1980)
AMERICAN EASTERN CORPORATION, Appellant,
v.
HENRY BLANTON, INC., a Florida Corporation, Richard R. Madden, an Individual, Henry H. Blanton, an Individual, and Gihls Properties, Inc., a Corporation, Appellees.
No. 79-1264.
District Court of Appeal of Florida, Second District.
April 23, 1980.
*864 George H. Bailey of Jones, Paine & Foster, West Palm Beach, for appellant.
Stephen D. Hughes, Largo, for appellees, Henry Blanton, Inc., Henry H. Blanton, and Gihls Properties, Inc.
Harold N. Hume, Jr. of Allen, Knudsen, Swartz, DeBoest, Rhoads & Edwards, Fort Myers, for appellee, Richard R. Madden.
SCHEB, Judge.
The trial court dismissed American Eastern Corporation's case for lack of prosecution. The court found that no record activity had occurred for one year prior to the defendants' filing their motion to dismiss, and that American Eastern had failed to show good cause why its case should not be dismissed. American Eastern appeals contending that it did show good cause under Florida Rule of Civil Procedure 1.420(e), and that, therefore, the court erred in dismissing its cause of action. We agree and reverse.
On October 23, 1975, American Eastern sued to collect on a promissory note. It sought $216,000 plus interest, attorney's fees and court costs. During the course of the litigation, American Eastern moved for summary judgment but, on July 27, 1976, before the motion was heard, the parties filed a stipulation for judgment. The defendants agreed that they were liable to American Eastern for $216,000 plus interest at seven and one-half percent per annum from March 1, 1974, together with reasonable attorney's fees and costs. They further agreed to pay their total indebtedness no later than August 1, 1976, with the proviso that American Eastern's attorney's fees and costs would be determined by agreement and that failing agreement, the court would fix them. Finally, the stipulation provided that if the defendants did not discharge their obligation by August 1, 1976, American Eastern could have a judgment entered against the defendants upon notice to their counsel.
On April 10, 1979, the defendants moved to dismiss American Eastern's action for failure to prosecute on the ground that there had been no record activity since February 11, 1977. American Eastern filed affidavits of its two attorneys along with a memorandum citing the stipulation for judgment and subsequent activities between *865 the parties as grounds for denying the defendants' motion. Nevertheless, on June 12, 1979, the trial court dismissed the case under Rule 1.420(e).
Rule 1.420(e), as amended effective January 1, 1977, states:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least five days before the hearing on the motion, why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
Counsel for the parties indicate that the trial court's dismissal was based upon its perception that Rule 1.420(e), as construed by this court in Sainer Constructors, Inc. v. Pasco County School Board, 349 So.2d 1212 (Fla. 2d DCA 1977), precluded American Eastern from establishing good cause by nonrecord activity. It follows that the court did not consider the facts as stated in American Eastern's affidavits as basis to establish good cause.
In Sainer we stated that Rule 1.420(e), as amended, requires that activity must appear "on the face of the record" to save a cause from dismissal. Nevertheless, the thrust of our ruling was that the amendment operated prospectively only. Thus, we held that nonrecord activity could constitute good cause where it occurred prior to the effective date of the amendment. In dicta, however, we added, "Non-record activity as defined in the decisional law construing the former rule can no longer be good cause to avoid dismissal for lack of prosecution." 349 So.2d at 1214.
The Fourth District Court of Appeal chose not to follow this statement in F.M.C. Corp. v. Chatman, 368 So.2d 1307 (Fla. 4th DCA 1979). There the court said that "to do so would render the excerpt from the rule `... unless a party shows good cause ... .' mere surplusage." Id. at 1308. We agree with our sister court and now recede from our dicta in Sainer.[1]
Nevertheless, the amendment to Rule 1.420(e) must not be disregarded. Its purpose was to eliminate most nonrecord activity of the type recognized prior to the amendment as a basis to establish good cause to avoid a dismissal for lack of prosecution.[2] Consequently, the standard in determining whether particular nonrecord activity constitutes good cause must be set high,[3] and a party must now show a compelling reason to avoid dismissal where there has been no record activity. For example, the party might show estoppel, as in the present case, or a calamity preventing record activity.
We now turn to the affidavits filed by American Eastern in its attempt to avoid dismissal by a showing of good cause. According to these affidavits the defendants *866 did not make payment in full by August 1, 1976, as they agreed to under the stipulation. There were a series of contacts between counsel for the parties with defendants requesting American Eastern to defer taking judgment to give them time to raise the funds. Then on November 24, 1976, when the defendants still had not paid, American Eastern moved for entry of judgment on the basis of the stipulation. Once again, it postponed action at the defendants' request to give them additional time to resolve their financial problems. During 1977 the defendants paid a total of $160,000 on the stipulated obligation. In February 1978 American Eastern informed them that if the balance remained unpaid on May 5 it would insist on entry of judgment. Again, the defendants secured a delay, their counsel advising American Eastern that a real estate transaction scheduled to close on June 30, 1978, would enable them to pay the balance. The transaction took place and the defendants paid American Eastern the principal and interest in full. At this point counsel for the defendants informed American Eastern's counsel that the defendants had terminated his services. American Eastern then informed the defendants on July 6, 1978, that until they paid its legal expenses, their note remained in default. The parties could not agree on fees and costs. On April 9, 1979, American Eastern's attorney contacted one of the defendants to discuss with him the payment of the legal fees. The defendant stated that he would have to discuss the matter with his attorney. Through a subsequent call American Eastern's attorney was referred to new counsel for the defendants who informed him that on April 10 he had filed a motion on behalf of the defendants to dismiss American Eastern's case. From the facts outlined we conclude that American Eastern made a prima facie showing of good cause.[4]
The purpose of Rule 1.420(e) is to expedite litigation and keep the court dockets as current as possible. To accomplish this the rule imposes the sanction of dismissal, as did its predecessor statute, against litigants who allow cases to stagnate. Sudduth Realty Co. v. Wright, 55 So.2d 189 (Fla. 1951). We think it significant that here American Eastern apparently had prosecuted its case to the point where a judgment could be entered with formal entry withheld only at the request of the defendants. Consequently, American Eastern's attempts complied with the purpose of the rule.
We recognize that the facts outlined were presented in affidavit form and that many of the statements in the affidavits were hearsay. As noted, however, the defendants' position has been that the facts presented were immaterial since the trial court could not find good cause on the basis of nonrecord activity. Therefore, on remand, if the defendants controvert American Eastern's version of the facts, the trial judge may conduct an evidentiary hearing to determine whether American Eastern has shown good cause.
We reverse and remand for further proceedings consistent with this opinion.
GRIMES, C.J., and DANAHY, J., concur.
NOTES
[1] But see, H. Trawick, Florida Practice and Procedure § 21-7 (1977).
[2] Thus, some examples of nonrecord activity formerly accepted as good cause which will no longer suffice to avoid dismissal for want of prosecution are: defense counsel's mailing to plaintiffs counsel of photographic copies of exhibits, Musselman Steel Fabricators, Inc. v. Radziwon, 263 So.2d 221 (Fla. 1972); the furnishing of a medical report by plaintiffs in accordance with defendants' specific directions, Eddings v. Davidson, 302 So.2d 155 (Fla. 1st DCA 1974); a verbal request by plaintiff's counsel to produce certain logs and records, Dukes v. Chemicals, Inc., 277 So.2d 298 (Fla. 2d DCA), cert. denied, 283 So.2d 560 (Fla. 1973); and correspondence between the attorneys requesting cancelled checks and check stubs, Whitney v. Whitney, 241 So.2d 436 (Fla. 2d DCA 1970), cert. denied, 245 So.2d 88 (Fla. 1971).
[3] Prior to the amendment nonrecord activity had to move the cause of action towards its ultimate resolution in order to constitute good cause. Little v. Sullivan, 173 So.2d 135 (Fla. 1965); Duggar v. Quality Development Corp., 350 So.2d 816 (Fla. 2d DCA 1977). Under the amended rule, however, nonrecord activity which merely moves a case to disposition will no longer suffice.
[4] Under the defendants' reasoning had they moved for dismissal prior to their payment of the principal and interest, they could have avoided a judgment they had previously stipulated to.