ANSTEAD, Judge,
dissenting:
The appellant’s action was dismissed for lack of prosecution. At issue is whether a party’s failure to respond to a request for admissions constitutes activity under the provisions of Florida Rule of Civil Procedure 1.420(e).
On April 11, 1977, the appellant filed of record a detailed set of requests for admission to the then only party defendant in the action, Vacation Plans, Inc. By letter of June 1, 1977, appellant’s counsel notified the defendant’s counsel that no response had been received and further stated that if a response was not received by June 13, 1977, a motion for summary judgment would be filed predicated on the admissions secured by the defendant’s failure to respond.
Nothing further occurred until April 12, 1978, when the appellee, Tappan Zee Corporation, appeared specially in the action and filed a motion to dismiss alleging a lack of prosecution for one year under Florida Rule of Civil Procedure 1.420(e), which provides:
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least five days before the hearing on the motion, why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
*712 The trial court granted the motion over appellant’s written objections that the motion was premature due to the filing of the request for admissions and that counsel’s June 1, 1977, letter, extending the time to answer the request, constituted good cause for allowing the action to remain pending. In his order the trial court cited the case of Shalabey v. Memorial Hospital, 253 So.2d 712 (Fla. 4th DCA 1974) as authority for the dismissal. That case stands for the proposition that a trial court has the inherent authority to dismiss an action which is not diligently prosecuted, regardless of the one year provision of Rule 1.420(e).
It is generally recognized that the purpose of Florida Rule of Civil Procedure 1.420(e) is to expedite litigation and keep the court dockets as current as possible. American Eastern Corporation v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980). The rule has been characterized as a penalty to “those who would allow their litigation to become stagnant.”[1] However, keeping in mind the fact that the rule permits the dismissal[2] of an action without any determination of the merits of the cause, I believe application of the rule should be strictly limited to cases falling clearly within its provisions. The rule itself now provides that mere inaction for a period of less than one year cannot constitute grounds for dismissal. I believe this provision bars a trial court from dismissing a case if there has been activity within the year and supersedes such cases as Shalabey, supra, relied on by the trial court here.
The discovery process, when shown on the docket, is sufficient to toll the running of the year. Fleming v. Florida Power Corporation, 254 So.2d 546 (Fla. 2d DCA 1971), cert. denied 262 So.2d 447 (Fla.1972). For example, the mere filing of a deposition by a court reporter has been held to be sufficient record activity to preclude a dismissal. Musselman Steel Fabricators, Inc. v. Radziwon, 263 So.2d 221 (Fla.1972). The act of a trial court in taking a motion under advisement pending disposition thereof has been deemed sufficient activity to bar dismissal despite the lack of any record entries over a one year period. Strader v. Morrill, 360 So.2d 1137 (Fla. 1st DCA 1978).
Florida Rule of Civil Procedure 1.370 provides that requests for admissions must be answered or objected to within 30 days or the matters set out therein shall thereafter be deemed admitted and conclusively established “unless the court on motion permits withdrawal or amendment of the admission.” In this case virtually all of the factual issues could be decided upon the basis of the admissions made by the defendant. The failure of defendant to respond operated as an admission without any action on the part of appellant.[3] This is true regardless of whether the effective date of the admission is construed to be 30 days from the filing of the requests or June 13, as set out in appellant’s letter.
Clearly, had the defendant responded and denied all of the requests, such would have constituted sufficient activity to preclude dismissal. Similarly, because of the affirmative legal effect of the defendant’s failure to respond to the requests for admission, I believe there was activity of record within the year prior to the filing of the motion to dismiss so as to preclude the dismissal of appellant’s action. Since the requests are a matter of record, the legal effect of a failure to respond within 30 days is also a matter of record. Certainly, the detailed admissions secured here constitute greater “activity” in moving a cause to conclusion than the filing of a copy of a deposition. Musselman, supra.
I would reverse the order of dismissal.

. Sudduth Realty Co. v. Wright, 55 So.2d 189, 190 (Fla.1951).

. The dismissal is not with prejudice.

. Unlike a defendant’s failure to answer a complaint which may entitle a plaintiff to a default.