368 So.2d 1307 (1979)
F.M.C. CORPORATION, Petitioner,
v.
Joe Willie CHATMAN, Respondent.
No. 78-1865.
District Court of Appeal of Florida, Fourth District.
March 28, 1979.
Rehearing Denied April 18, 1979.
J. Craig Corbett, of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Orlando, for petitioner.
David M. Hammond, of Meyers, Mooney & Adler, P.A., Orlando, for respondent.
LETTS, Judge.
This petition for certiorari which we treat as an appeal from a non-final order, results from a holding by the trial judge that the appellee "had shown good cause in writing why the action should not be dismissed." We reverse.
In the case at bar there had been no record activity for over 16 months when the appellant filed its motion to dismiss for lack of prosecution pursuant to Rule 1.420(e) which states:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on *1308 motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least five days before the hearing on the motion, why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
Committee Note: 1976 Amendment. Subdivision (e) has been amended to prevent the dismissal of an action for inactivity alone unless one year has elapsed since the occurrence of activity of record. Non-record activity will not toll the one year time period.
The appellant first maintains that this Rule, as amended on January 1, 1977, mandates dismissal after one year, with no exceptions. To this end it cites Sainer Constructors v. Pasco County School Board, 349 So.2d 1212 (Fla.2d DCA 1977). We cannot deny that the Second District apparently so held, however, we must stop short of complete agreement, for to do so would render the excerpt from the rule "... unless a party shows good cause... ." mere surplusage. Accordingly while we agree that activity not of record is insufficient by itself, good cause may still be available if there exists other explanations amounting to something more than mere contacts between the litigant and potential witnesses. See Shields v. Moore, 352 So.2d 139 (Fla.4th DCA 1977).
Adapting this rationale to the case at bar we find that the affidavit detailing the non-record activity merely reflects telephone calls, conferences and letters between the plaintiff's attorney, his client and potential witnesses, without any contact with the opposing party such as we required in Daurelle v. Beech Aircraft Corp., 341 So.2d 204 (Fla.4th DCA 1977), cert. den. 354 So.2d 980 (Fla. 1977).
Admittedly there was one very compelling reason brought out in the affidavit, namely that the statute of limitations had run in the interim. We have every sympathy for such a dire happening, but are convinced that this is not the kind of good cause the rule envisages. Dade County v. Moreno, 227 So.2d 548 (Fla.3d DCA 1969). To us, good cause must include contact with the opposing party and some form of excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines. In the case before us there may have been extensive non-record conferences with a "... necessary and vital expert witness," but such do not prevent, or hinder, compliance with the rules. All this being so, while recognizing that the result is harsh, we must reverse the trial judge and direct him to enter a judgment in accordance herewith.
REVERSED AND REMANDED.
CROSS and MOORE, JJ., concur.