393 So.2d 61 (1981)
Lillian C. TOSAR, Individually and As Personal Representative of the Estate of Pedro P. Castillo, Deceased, Appellant,
v.
Joseph L. SLADEK, Appellee.
No. 80-738.
District Court of Appeal of Florida, Third District.
February 3, 1981.
*62 Carlos Lidsky, Coral Gables, and Linda L. Furman, Miami, and Neil I. Maryanoff, Coral Gables, for appellant.
Talburt, Kubicki & Bradley and Betsy E. Hartley, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
NESBITT, Judge.
This appeal presents the question of whether nonrecord activity is sufficient to show good cause for the denial of a motion to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). The trial court found that it is not and we must agree.
It is now settled that the purpose of amending Florida Rule of Civil Procedure 1.420(e) effective January 1, 1977 was to preclude nonrecord activity as a basis for the denial of a motion to dismiss for failure to prosecute. American Eastern Corporation v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980); F.M.C. Corp. v. Chatman, 368 So.2d 1307 (Fla. 4th DCA), cert. denied, 379 So.2d 203 (Fla. 1979).
Here the facts are simple. Plaintiff's decedent met his death on December 24, 1977. A complaint for wrongful death was filed by his daughter on October 31, 1978. Plaintiff filed an amended complaint on January 15, 1979. At that time, the personal representative had not been appointed so as to allow the decedent's estate to maintain the action. § 768.20, Fla. Stat. (1977). For that reason, the defendant moved to dismiss the complaint. The motion was denied but did not require the defendant to answer the amended complaint until the plaintiff had demonstrated her authority as personal representative of the decedent's estate. The plaintiff, who is the sole heir at law of the decedent received her appointment as personal representative from the Probate Division of the Circuit Court on October 3, 1979. Nonetheless, the plaintiff took no further action until met by the defendant's motion to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). At that time, plaintiff's counsel mailed a copy of the Letters of Administration to the defense counsel and then timely filed an affidavit of good faith demonstrating the nonrecord activity in procurement of the Letters of Administration. The affidavit further recited that the clerk of the Probate Division did not timely mail the Letters of Administration to plaintiff's counsel.
We agree with both our sister courts' interpretations of the amendment to Rule 1.420(e). In American Eastern Corporation v. Henry Blanton, Inc., supra, that court stated:
Nevertheless, the amendment to the Rule 1.420(e) must not be disregarded. Its purpose was to eliminate most nonrecord activity of the type recognized prior to the amendment as a basis to establish good cause to avoid a dismissal for lack of prosecution. Consequently, the standard in determining whether particular nonrecord activity constitutes good cause must be set high, and a party must now show a compelling reason to avoid dismissal where there has been no record activity. For example, the party might show estoppel, as in the present case, or a calamity preventing record activity. [footnotes omitted]
382 So.2d at 865.
In F.M.C. Corp. v. Chatman, supra, that court stated:
To us, good cause must include contact with the opposing party and some form of excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines. In the case before us there may have been extensive nonrecord conferences with a "... necessary and vital expert witness," but such do not prevent, or hinder, compliance with the rules.
368 So.2d at 1308.
In the present case, there is nothing save nonrecord activity which led to the failure of the plaintiff to prosecute her cause. If we accept the allegations of the plaintiff's complaint, she was the sole surviving heir of the decedent and could have qualified *63 expeditiously with minimal effort. Had the plaintiff's counsel lost contact with his client, he could have procured appointment of an administrator ad litem pursuant to Florida Rule of Probate and Guardianship Rule 5.120(a) until a personal representative could have qualified. While the results may seem harsh as compared to the decisions under the former rule, we have no alternative here but to uphold the ruling of the trial court.
We do not indicate by this decision that all forms of nonrecord activity are insufficient to prevent the granting of a motion to dismiss for failure to prosecute. We are only indicating that a compelling reason must be demonstrated to overcome such seeming lethargy. See Barnes v. Ross, 386 So.2d 812 (Fla. 3d DCA 1980).
Finally, the plaintiff contends the trial court erred in denying her motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540. It appears without dispute that after the initial order of dismissal was entered, the plaintiff filed a notice of appeal with this court. She later perfected the motion to vacate, pursuant to the cited rule, while this appeal was still pending.
The trial court promptly dismissed the motion because it was without jurisdiction to entertain the motion to vacate while appeal of the identical matter was pending here.[1] Consequently, had the trial court ruled upon the matter, it would have interfered with the subject matter jurisdiction of this court and possibly frustrated our appellate jurisdiction. Leo Goodwin Foundation, Inc. v. Riggs National Bank of Washington, D.C., 374 So.2d 1018 (Fla. 4th DCA 1979). Had the plaintiff desired to entertain further proceedings during the pendency of the appeal, she could have requested leave to proceed in the trial court pursuant to Florida Rule of Appellate Procedure 9.600(b).
For the foregoing reasons, the challenged orders are affirmed.
NOTES
[1] This motion presented substantially the same basis for vacating the order of dismissal as had been previously presented by way of the affidavit proffered in opposition to the motion to dismiss for lack of prosecution.