WALDEN, Judge.
This is an appeal from an order dismissing a negligence action for failure to prosecute. We affirm.
Involved is the administration of Florida Rule of Civil Procedure 1.420(e):
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
It appearing that there was no record activity for a period of substantially more than one year (actually about 16 months), the trial court entered a sua sponte order on July 14, 1983, entitled, “Sua Sponte Motion To Dismiss For Failure To Prosecute Notice of Hearing and Final Order of Dismissal.” It provided a hearing date on August 8, 1983, in case a written showing of good cause as to why the action should not be dismissed was filed at least five days prior thereto. Otherwise, that is to say, if no such good cause statement was filed, the cause would stand dismissed. It further provided:
The mailing of a copy of this Motion, Notice and Order to each of the addresses listed below shall constitute service of notice of said hearing, and the certificate of the secretary of the undersigned Judge of such mailing shall be take [sic] as prima facie proof thereof.
It was certified that copies were mailed to all concerned on July 14, 1983. See Fla.R. Civ.P. 1.080(b). It is not denied by anyone that such copies were so mailed and duly received.
Thereafter, on July 28, 1983, the plaintiff filed an affidavit of good cause, plus other pleadings. The hearing was conducted on August 8, 1983, as scheduled and the order on appeal which dismissed the action was entered on the same date, August 8, 1983.
So, one might say, what is the problem? Its fountainhead is found in the fact that the trial court’s sua sponte Motion to Dismiss, etc., while signed and served on July 14, 1983, was not filed with the clerk until August 8, 1983, and not recorded until August 10, 1983.
Appellants argue that the one year period prescribed by Florida Rule of Civil Procedure 1.420(e) is to be measured by calculating the time between the date of the last record activity and the date of the filing of the motion to dismiss. Thus, they say that they caused to be reflected record activity which prevented dismissal because of their filings on July 28, 1983, which filings pre-dated the filing of the court’s motion to dismiss on August 8, 1983. While this would normally be the rule or modus operandi where the adversary party, in this case the defendant, filed the motion to dismiss, we hold under the circumstances of this case that such approach or me-morializations are not applicable.
*1329 The differences that we deem significant are that here the court itself took note of the record inactivity and energized Florida Rule of Civil Procedure 1.420(e). Moreover, and most importantly, the plaintiffs actually received a copy of the court’s order recording the non-activity reflected on the record prior to the time they filed their affidavit of good cause and other pleadings. Their actual receipt of the motion gives them even more notice and greater due process than would be the case if the court (or the adversary party) filed the motion to dismiss and then served a copy on plaintiffs by mail. Thus, we are of the opinion that the plaintiffs here cannot be heard to complain because the sequences here were reversed, that is to say, they actually received a copy of the motion taking note of the non-activity before same was filed, rather than having the motion filed first and thereafter to have same served on plaintiffs by mail.
We hold that no error or abuse of discretion has been demonstrated as to this matter.
Secondarily, appellants urge that they demonstrated good cause so as to foreclose the dismissal. Counsel’s affidavit reflected the following:
1. That over the past five or six months he has been diligently pursuing information through old records of the Department of Transportation, and interviews with some of its personnel, to identify those persons who were present at pre-construction meetings in connection with this construction project, where the needs for the relocation of power lines, phone lines, cables and pipe lines were considered and discussed.
2. That a substantial portion of that investigation might be compared to trying to nail jello to the wall. However, by May of 1983 undersigned counsel had assembled as much information as he felt that those sources could provide.
3. That undersigned counsel was out of town, except for three days, from May 27th to June 28th, and upon his return, had two approximately week long trials scheduled for trial weeks beginning July 12th and July 18th. That both cases, after substantial trial preparation, were continued at the last minute.
4.That this case was on undersigned counsel’s desk to begin scheduling depositions and other discovery at the time of the arrival of the Court’s Sua Sponte Motion to Dismiss.
We hold that the good cause here asserted was insufficient upon authority of F.M.C. Corp. v. Chatman, 368 So.2d 1307 (Fla. 4th DCA), cert. denied, 379 So.2d 203 (Fla.1979).
Affirmed.
HERSEY and GLICKSTEIN, JJ., concur.