459 So.2d 466 (1984)
107 GROUP, INC., Appellant,
v.
GULF COAST PAVING & GRADING, INC., Appellee.
No. AV-37.
District Court of Appeal of Florida, First District.
November 28, 1984.
Dennis K. Larry of Clark, Partington, Hart, Hart & Johnson, Pensacola, for appellant.
No appearance for appellee.
ERVIN, Chief Judge.
After final judgment, 107 Group appealed an interlocutory order which reinstated Gulf Coast's action. The issue presented is whether the trial court erred in reinstating the action based on a finding of good cause, pursuant to Florida Rule of Civil Procedure 1.420(e). We reverse with directions.
On July 22, 1980, Gulf Coast filed suit against 107 Group for the unpaid balance on a contract between the parties. 107 Group answered and counterclaimed on August 15, 1980, and Gulf Coast answered the counterclaim seven days later. Three depositions were taken in August and October of 1980, but were not filed until November of 1983. On November 13, 1981, the trial court served on the parties a motion, notice and judgment of dismissal, requiring Gulf Coast to show good cause, or suffer dismissal of its action for failure to prosecute. Gulf Coast filed a "showing of good cause", stating that it had considerable difficulty in locating certain witnesses. The court found good cause and reinstated the action on December 18, 1981.
After another year of no record activity, the court again served, on January 12, 1983, a motion, notice and judgment of dismissal. Gulf Coast again filed a "showing of good cause", acknowledging no record activity, but stating that it had been "interviewing witnesses and contacting experts to testify in this matter. That interviewing and discovery by the plaintiff has been completed and the matter is now ready to be set for trial." After a hearing on February 14, 1983, the court again reinstated the action, stating in its order only that "it appear[ed] to the court that good *467 cause has been shown why this action should not be dismissed." A non-jury trial resulted in a verdict and final judgment in favor of Gulf Coast.
Florida Rule of Civil Procedure 1.420(e) states in pertinent part:
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion ..., after reasonable notice to the parties, unless ... a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending.
A ruling on a motion for an order of dismissal for failure to prosecute "is subject to attack only on the ground that it constitutes an abuse of discretion" and the losing party must bear this heavy burden. Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90, 92 (Fla. 1st DCA 1979). If, as in this case, there is clearly no record activity, then dismissal can be avoided only by showing "good cause".
Because the record on appeal did not include the transcription of the February 14, 1983 hearing, we gave the parties an opportunity to supplement the record on appeal by filing a stipulated statement of the issues before the trial court and the basis for the ruling thereon at that hearing. The parties submitted a stipulated statement, disclosing that Gulf Coast had argued before the lower court that the action should not be dismissed as it had been interviewing witnesses and contacting experts to testify. 107 Group had responded that such activity fails to constitute grounds for "good cause". The stipulated statement further reflects that after hearing arguments of counsel, the trial judge, without stating particular grounds, decided to reinstate the action. Initially, we decide that even though there is no transcription of the February 14, 1983 hearing, the stipulated statement as to what occurred at that hearing allows 107 Group the opportunity to meet its burden to show an abuse of discretion. The instant case is distinguishable from Metropolitan Transit Authority v. Kaneva, 351 So.2d 748 (Fla. 3d DCA 1977), where appellant failed to meet its burden by not providing the appellate court with a record of the hearing on appellant's motion to dismiss for failure to prosecute.
Next, we consider whether interviewing witnesses and contacting experts constitutes good cause. In F.M.C. Corp. v. Chatman, 368 So.2d 1307, 1308 (Fla. 4th DCA 1979), the non-record activity consisted of "telephone calls, conferences and letters between the plaintiff's attorney, his client and potential witnesses, without any contact with the opposing party." The court reversed the trial judge's order holding that plaintiff had shown good cause, stating:
[G]ood cause must include contact with the opposing party and some form of excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines. In the case before us there may have been extensive non-record conferences with a "... necessary and vital expert witness," but such do not prevent, or hinder, compliance with the rules.
368 So.2d at 1308 (emphasis in original). Accord Katoski v. Florida Power and Light Company, 455 So.2d 1327, 1329 (Fla. 4th DCA 1984). Upon authority of F.M.C., we hold that the good cause here asserted  interviewing witnesses and contacting potential expert witnesses  was insufficient, and that 107 Group has met its burden to show an abuse of discretion. We note that Gulf Coast did not allege any physical disability, during the relevant period, to itself or to its attorney. Under Douglas v. Eiriksson, 347 So.2d 1074 (Fla. 1st DCA 1977), such disability would constitute good cause.
The lower court's order reinstating Gulf Coast's action is reversed with directions that judgment of dismissal be entered against Gulf Coast.
BOOTH and WENTWORTH, JJ., concur.