481 So.2d 544 (1986)
Deborah BRUNS, Appellant,
v.
Harry F. JONES, M.D., et al., Appellees.
No. 84-1361.
District Court of Appeal of Florida, Fifth District.
January 9, 1986.
Philip Burlington and Karen A. Dean of William deForest Thompson, P.A., Ft. *545 Lauderdale, and Edna L. Caruso, P.A., West Palm Beach, for appellant.
Thomas E. Dukes, III, and Rafael E. Martinez of Sanders, McEwan, Mims & Martinez, Orlando, for appellees.
DAUKSCH, Judge.
This is an appeal from a "final judgment of dismissal" for failure to timely prosecute.
The order says:
The court finds that it does no [sic] affirmatively appear from filing of pleadings, Order of Court, or otherwise for a period of one year before serving the motion that the action is being prosecuted ...
The order does not find that the non-record activity which occurred was insufficient good cause to prevent the dismissal. There was certain non-record activity engaged in between the parties, including an attempt to obtain discovery via a videotaped deposition. While it is necessary to obtain a court order for this type of discovery the plaintiff was attempting to do so by agreement rather than court order. Fla.R.Civ.P. 1.310(b)(4). It was conceded here and at the hearing before the trial court that no record activity occurred within the requisite one-year time period, so it was only non-record activity which was to be considered by the court. The issue was whether, under Rule 1.420(e), appellant demonstrated good cause why the action should have remained pending. The appellant urged the court to consider certain non-record activity as demonstrating good cause for not dismissing the action. The appellee urged the court to disregard non-record activity on the basis it could not constitute good cause for not dismissing the action. Non-record activity may, in some cases, constitute good cause under the present rule, such as will prevent a dismissal for failure to prosecute. Barnes v. Ross, 386 So.2d 812 (Fla. 3d DCA 1980); American Eastern Corporation v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980); F.M.C. Corporation v. Chatman, 368 So.2d 1307 (Fla. 4th DCA 1979), cert. den., 379 So.2d 203 (Fla. 1979). The trial court found that no record activity had occurred during the year preceding the motion to dismiss (a point not in dispute) but made no ruling on whether or not good cause had been shown to keep the action pending. This was the real issue, and should have been ruled upon by the court.
We reverse the order appealed from and remand for further proceedings consistent herewith.
REVERSED and REMANDED.
ORFINGER, J., concurs.
COBB, C.J., dissents with opinion.
COBB, Chief Judge, dissenting.
The trial court's order, quoted in the majority, shows that the trial court considered the pleadings, court orders, and "otherwise"  the latter an ambivalent term that may refer to record and/or nonrecord activity. The nonrecord activity was an attempt to obtain an agreement regarding the admissibility of a videotaped deposition. In accordance with the presumption of correctness, we should employ a construction of the order upholding the trial court's judgment.
Even if the trial court made no finding of fact on the issue raised, as contended by the majority, it would still be our obligation to review the appellate record and affirm the trial court's judgment if it is supported by that record. Schmeck v. Sea Oats Condominium Assn., Inc., 441 So.2d 1092 (Fla. 5th DCA 1983). Here, the evidence falls far short of establishing good cause for the appellant's failure to prosecute. See Atlantic Coast Line Railroad Co. v. Hill, 76 So.2d 861 (Fla. 1955); Appraisal Group, Inc. v. Visual Communications, Inc., 426 So.2d 1155 (Fla. 3d DCA 1983); Carter v. DeCarion, 400 So.2d 521 (Fla. 3d DCA 1981), review denied, 412 So.2d 464 (Fla. 1982); Steisel v. Birnholz, 313 So.2d 125 (Fla. 3d DCA 1975), review denied, 330 So.2d 14 (Fla. 1976). The majority's requirement of a more express written finding by the trial court  presumably, by elucidating *546 that the term "otherwise" does encompass nonrecord activity considered by the trial court  is a waste of judicial time and contravenes a large body of judicial precedent. See, e.g., Vandergriff v. Vandergriff, 456 So.2d 464 (Fla. 1984); Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979); Firestone v. Firestone, 263 So.2d 223 (Fla. 1972); Escarra v. Winn Dixie Stores, Inc., 131 So.2d 483 (Fla. 1961).
I would affirm.