FRANK, Judge.
The appellee, Edith Fink, began her action seeking an accounting from the appellants, collectively referred to as Eisen, but subsequently she amended the complaint to include additional claims. On August 3, 1984, Eisen moved the trial court for the entry of an order striking the exemplary damages aspect of Fink's amended complaint. The next activity appearing in the record is the trial court’s order dated February 11, 1986, requesting the parties to report the status of the case. Eisen complied with that order on February 20, 1986, but Fink did not file a response until March 5, 1986.
Eisen moved on May 23, 1986, pursuant to rule 1.420(e) of the Florida Rules of Civil Procedure, to dismiss Fink’s amended complaint with prejudice for failure to prosecute the action. Fink reacted to that motion on August 5, 1986, asserting “non-record” activity in the 1⅝ years preceding the entry of the order requiring Eisen and Fink to inform the court of the litigation’s status.* The trial court entered an order of dismissal with prejudice, nunc pro tunc, effective June 17, 1986. It issued an order on December 2, 1986, setting aside the dismissal. Eisen appealed.
Fink’s failure actively to prosecute her claims for a period of 1⅛ years prior to the filing of Eisen’s rule 1.420(e) motion warranted dismissal with prejudice absent a showing of good cause. Carter v. DeCarion, 400 So.2d 521 (Fla. 3d DCA 1981). Where only nonrecord activity was offered to the trial court as the basis for good cause, as occurred here, such activity must meet a standard equating with a compelling reason for failure to prosecute. Tosar v. Sladek, 393 So.2d 61 (Fla. 3d DCA 1981); cf. American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980). In responding to Eisen’s motion, Fink tendered as the reasons for her inertness Eisen’s representation that Fink would be scheduled for a deposition, settlement negotiations between the parties, Eisen’s delays in filing answers to Fink’s first set of interrogatories, and a variety of insubstantial excuses.
Neither settlement negotiations, Carter, nor the delays attributed to Eisen constitute good cause. Industrial Trucks of Florida, Inc. v. Gonzalez, 351 So.2d 744 *1094 (Fla. 3d DCA 1977). In short, the explanations, grounds or reasons offered by Fink are not compelling and do not satisfy the good cause standard necessary to overcome the extended period of stagnation. Tosar.
We reverse, vacate the trial court’s order setting aside the order of dismissal, and remand for the entry of an order in accordance with this opinion.
SCHEB, A.C.J., and HALL, J., concur.

 Fink did not participate in our review of the trial court’s order. We have not been presented with and we do not pass upon the question of whether the trial court’s status order and the responses to it are record activity of the kind that would foreclose dismissal under Rule 1.420(e). We do note in passing, however, that a sua sponte order to show cause why an action should not be dismissed for the want of prosecution has been deemed not to preclude dismissal. Nelson v. Stonewall Insurance Company, 440 So.2d 664 (Fla. 1st DCA 1983).