PER CURIAM.
The appellant filed a personal injury action as a result of an automobile accident against Scher Rental, and one Donovan Pugh. This was filed on December 8,1986. Thereafter the trial court entered an order on February 20, 1988 indicating that the matter would be dismissed on February 26, 1988, if no good cause was shown by said time to prevent the dismissal. There was no record activity subsequent to December 17, 1986 when the complaint was served upon the individual defendant. The court’s motion, notice and judgment of dismissal pursuant to 1.420(e), Florida Rules of Civil Procedure, shows that copies were furnished to counsel. The original counsel that filed the complaint for the plaintiff had the same address throughout these proceedings as he had at the time of the filing of the complaint. Subsequent to the order of dismissal, a motion to reinstate was filed by another law firm on behalf of the plaintiff, along with an amended complaint for damages, which shows a copy of same being served on the original counsel of record. This was filed on March 24, 1988. The grounds on the motion were *1357 that the plaintiff was attempting to serve the corporate defendant and that there had been no communication with the individual defendant during 1987 as reflected by a letter of June 29,1987; which was referred to as attached, as an exhibit to the affidavit of counsel who originally filed the cause (which affidavit was filed in support of motion to reinstate.) From the record, no such letter is found. The matter came on for consideration by the trial court. The trial court denied the motion to reinstate and this appeal ensued. We affirm. We find no abuse of discretion. The non-record activity is not sufficient to demonstrate that the trial court erred in its order declining to reinstate and we affirm. See Tosar v. Sladek, 393 So.2d 61 (Fla. 3d DCA 1981); American Eastern Corporation v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980); F.M.C. Corporation v. Chatman, 368 So.2d 1307 (Fla. 4th DCA 1979); Conklin v. Boyd, 189 So.2d 401 (Fla. 1st DCA 1966).
Order under review affirmed.