543 So.2d 392 (1989)
Calvin T. WEITZEL, Appellant,
v.
Robert A. HARGROVE, Appellee.
Nos. 88-1600, 88-1710.
District Court of Appeal of Florida, Third District.
May 16, 1989.
Adams, Hunter, Angones, Adams, Adams & McClure and Christopher Lynch, Miami, for appellant.
Horton, Perse & Ginsberg and Arnold Ginsberg, Miami, Fournaris & Leclainche, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
This is an appeal by the defendant Calvin T. Weitzel from a final judgment entered upon an adverse jury verdict in a negligence action arising out of an automobile accident; the plaintiff Robert A. Hargrove cross appeals the denial of his motion for a directed verdict on the defendant's seat belt defense. We reverse on the main appeal upon a holding that the trial court erred in denying the defendant's motion to dismiss this action for lack of prosecution under Fla.R.Civ.P. 1.420(e); this reversal necessarily moots the cross appeal. We reach this result based on the following briefly stated legal analysis.
First, it is undisputed there was no record activity for a period of over one year prior to the date the defendant filed his motion to dismiss for lack of prosecution. Under Fla.R.Civ.P. 1.420(e), the trial court was required to dismiss this action for lack of prosecution unless (a) a showing of good cause was made as why the action should remain pending, or (b) a court order or court-approved stipulation staying the action had previously been entered in the cause. Without dispute, no such court order or stipulation was entered in this case; the only issue in controversy is whether good cause was shown why this action should remain pending. Industrial Trucks of Fla., Inc. v. Gonzalez, 351 So.2d 744, 746 (Fla. 3d DCA 1977); Metropolitan Transit Authority v. Porter, 328 So.2d 573 (Fla. 3d DCA 1976); Karkeet v. Snyder, 275 So.2d 302 (Fla. 3d DCA 1973).
Second, the sole showing of good cause why this action should remain pending, notwithstanding the lack of record activity of *393 over one year, was that counsel for both parties had been in contact with one another during the aforesaid one-year period and agreed to cancel a previously noticed hearing on the defendant's motion to strike certain allegations in the complaint. Contrary to the plaintiff's contention, we conclude that this non-record activity between counsel did not excuse the lack of record activity below and in no way advanced the cause. Indeed, quite the opposite occurred; counsel mutually agreed to cancel a hearing on a pending motion which presumably would have advanced the cause had the court ruled upon the motion. This being so, this non-record activity does not satisfy the plaintiff's heavy burden of establishing a compelling reason why this action should not have been dismissed for lack of prosecution. Togo's Eatery of Fla., Inc. v. Frohlich, 526 So.2d 999, 1002 (Fla. 1st DCA 1988); Norflor Const. Corp. v. City of Gainesville, 512 So.2d 266, 267 (Fla. 1st DCA 1987), rev. denied, 520 So.2d 585 (Fla. 1988); Tosar v. Sladek, 393 So.2d 61, 63 (Fla. 3d DCA 1981); American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980).
The final judgment under review is therefore reversed and the cause is remanded to the trial court with directions to dismiss the instant action for lack of prosecution under Fla.R.Civ.P. 1.420(e).
Reversed and remanded.