SCHWARTZ, Chief Judge.
Pursuant to Fla.R.Civ.P. 1.420(e), the trial court dismissed a wrongful death action *355 for lack of prosecution for more than one year. We affirm.
I
It is undisputed that over a year transpired between the last previous record activity — which involved the filing of the action by the decedent’s mother individually — and the service of an apparently computer-generated court order to show cause why the action should not be dismissed for that reason. The appellant contends, however, that the period was tolled, or good cause for the failure to prosecute was established, by the extra-record process of securing the appointment of a personal representative of the estate, concededly the proper party plaintiff, to substitute for the mother. We reject this claim on the indistinguishable authority of Tosar v. Sladek, 393 So.2d 61 (Fla. 3d DCA 1981), in which the same thing occurred.
Nor do we agree with Ms. Yeargan that Tosar incorrectly fails to follow Gregory v. Circuit Court, 56 So.2d 529 (Fla.1952), which is not cited in that opinion. While Gregory held that the lack of prosecution time did not run between the plaintiffs death and the substitution of his personal representative, it was based on the now-archaic theory that
[a] suit cannot be prosecuted any more readily than it can be begun in the absence of a person in being who is capable of prosecuting or instituting a suit, [emphasis supplied]
Gregory, 56 So.2d at 530. As applied to a situation like this one, in which a wrongful death action was first erroneously institute ed by an individual who only later became qualified as administrator, the basis of Gregory was very shortly thereafter completely undermined by Griffin v. Workman, 73 So.2d 844 (Fla.1954), which held that the initial filing was effective to begin the suit so as to toll the statute of limitations. Accord Bermudez v. Florida Power & Light Co., 433 So.2d 565 (Fla. 3d DCA 1983), pet. for review denied, 444 So.2d 416 (Fla.1984). The same rule must apply to the effectiveness of Ms. Yeargan’s maintenance of the instant action for the present purpose of running the lack of prosecution time. It is clear therefore that Tosar, not Gregory, correctly represents the present and controlling law of Florida.
II
It is also claimed that the case was incorrectly dismissed because, although there was no record action by the plaintiff both prior to the service of the court’s own notice and motion, the motion was not filed until long after the plaintiff had taken appropriate action in the case.[1] On this basis, the plaintiff invokes the doctrine that Rule 1.420(e) is not self-executing so that any record activity which occurs prior to the filing of a motion by the other side precludes dismissal. E.g., Q.I.P. Corp. v. Berger, 547 So.2d 1286 (Fla. 4th DCA 1989), review dismissed, 554 So.2d 1167 (Fla.1989); Equity Capital Co. v. 601 West 26 Corp., 223 So.2d 762 (Fla. 3d DCA 1969). While, at least in slightly different contexts, this contention is surely an arguable one, see Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980), it may not be accepted here. Katoski v. Florida Power & Light Co., 455 So.2d 1327 (Fla. 4th DCA 1984) dealt with and rejected the same argument on identical facts. It held as follows:
Appellants argue that the one year period prescribed by Florida Rule of Civil Procedure 1.420(e) is to be measured by calculating the time between the date of the last record activity and the date of the filing of the motion to dismiss. Thus, they say that they caused to be reflected record activity which prevented dismissal because of their filings on July 28, 1983, which filings pre-dated the filing of the court’s motion to dismiss on August 8, 1983. While this would normally be the rule or modus operandi where the adversary party, in this case the defendant, filed the motion to dis *356 miss, we hold under the circumstances of this case that such approach or memori-alizations are not applicable.
The differences that we deem significant are that here the court itself took note of the record inactivity and energized Florida Rule of Civil Procedure 1.420(e). Moreover, and most importantly, the plaintiffs actually received a copy of the court’s order recording the nonac-tivity reflected on the record prior to the time they filed their affidavit of good cause and other pleadings. Their actual receipt of the motion gives them even more notice and greater due process than would be the case if the court (or the adversary party) filed the motion to dismiss and then served a copy on plaintiffs by mail. Thus, we are of the opinion that the plaintiffs here cannot be heard to complain because the sequences here were reversed, that is to say, they actually received a copy of the motion taking note of the non-activity before same was filed, rather than having the motion filed first and thereafter to have same served on plaintiffs by mail.
Katoski, 455 So.2d at 1328-1329. See generally Chrysler Leasing Corp. v. Passacantilli, 259 So.2d 1 (Fla.1972). We agree with this reasoning and adopt the consequent holding.[2]
Affirmed.

. Indeed, although the fact was unknown to the parties, the court’s motion and order was not actually made a matter of record in the trial court until the omission was discovered after this appeal was taken.

. While the length of time between the respective filings of the plaintiff's record activity and the court order was far longer in this case than in Katoski, this difference is immaterial either to the legal problem both cases present or to its solution.