578 So.2d 427 (1991)
Bruce WEAVER, Appellant,
v.
THE CENTER BUSINESS, Etc., Appellee.
No. 90-1001.
District Court of Appeal of Florida, Fifth District.
April 18, 1991.
*428 Raymonda A. Chakhtoura, of Benjamin Y. Saxon, P.A., Melbourne, for appellant.
Susan B. Collingwood, of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellee.
W. SHARP, Judge.
Weaver appeals from an order dismissing his cause of action against The Center Business (The Center) for lack of prosecution under Florida Rule of Civil Procedure 1.420(e). This rule provides:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
The trial judge accepted Weaver's attorney's affidavits and representations as true for the purpose of attempting to establish "good cause" why the action should not be dismissed, but he ruled that the facts did not rise to the required level. We disagree and reverse.
In this case, there was a gap of no record activity for longer than one year. The last items in the court record were notices filed November 14 and 15, 1988, to take the deposition of Bob Phillips (a key witness for The Center), and of filing answers to written interrogatories.
A new judge and an efficient computer system caught the fact that nothing of record had transpired in this case since November of 1988, and on January 10, 1990, the court sent a form notice to Weaver's attorney to show cause in writing why the case should not be dismissed, and if good cause was asserted, to set a hearing with opposing counsel. The matter progressed to a hearing and a rehearing.
Weaver established that the case had been actively pursued in 1988. Weaver was a commercial photographer who rented space in a shopping center managed by the defendant, The Center. He had valuable photographic equipment, which he sought to protect by obtaining new locks, and by warning The Center to take special care of the duplicate key to his shop which he was required to provide to The Center. Weaver became suspicious of The Center's janitor, one Ron Mulkey, who took too great an interest in Weaver's equipment. Weaver warned The Center about Mulkey.
One weekend, Weaver's shop was burglarized and valuable equipment was stolen. Mulkey disappeared. Weaver's theory in his lawsuit against The Center was that it had been negligent in hiring Mulkey, in supervising him, and in not keeping his new key in a safe place.
Weaver deposed Phillips, the president of The Center, but Phillips failed to produce Weaver's key. Weaver reset Phillips for *429 deposition in December of 1988.[1] This deposition was postponed until January of 1989, but was never rescheduled, based upon The Center's attorney's promise that he thought he could get the key without necessity for a deposition.
Also in 1989, Weaver's attorney made a concerted effort to locate Mulkey, and to tie him to an extensive criminal record which had surfaced. Mulkey apparently had two different social security numbers and two different birthdates. However, there were no photographs available to establish Mulkey's identity.
In September of 1989, Weaver's attorney hired Crummey Investigators, Inc. to do a state-by-state check on Mulkey. They found a Connecticut arrest, but no photograph. Then in late 1989, they found Mulkey in California, having been arrested, and this time, photographed.
The investigator sent Weaver's attorney his final bill November 14, 1989 (a total of $667.63). A week or so later, Weaver's attorneys received all the specific information needed to prepare requests for discovery to the Orange County Sheriff in Florida and the Sheriff of Yolo County, California, to tie the janitor, Mulkey, to the two discovered criminal identities. Weaver's attorney had actually prepared and mailed these discovery requests when the court mailed its order to show good cause on January 10, 1990.
In Bruns v. Jones, 481 So.2d 544 (Fla. 5th DCA 1986), this court held that under rule 1.420(e) (as amended in 1976) nonrecord activity could constitute "good cause" under the rule so as to prevent a dismissal for failure to prosecute. We did not detail what those circumstances might be in that case, because the trial court had ruled only record activity could prevent dismissal. We remanded the cause for a good-cause determination, based on the record to be established in that case.
Our sister courts also agree that nonrecord activity may be used to establish "good cause" why a case should not be dismissed, even though nothing has been filed of record for a one-year period. See Riesgo v. Weinstein, 523 So.2d 752 (Fla. 2d DCA 1988); Norflor Construction Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), rev. denied, 520 So.2d 585 (Fla. 1988); Barnes v. Ross, 386 So.2d 812 (Fla. 3d DCA 1980); F.M.C. Corp. v. Chatman, 368 So.2d 1307 (Fla. 4th DCA), cert. denied, 379 So.2d 203 (Fla. 1979). Indeed, if nonrecord activity could not establish "good cause" under rule 1.420(e), there would be no point in holding a hearing on the issue where no record activity has taken place.
Under the prior version of rule 1.420(e), the test used to be, for record as well as nonrecord activity, whether it moved the cause forward towards ultimate resolution. Musselman Steel Fabricators, Inc. v. Radziwon, 263 So.2d 221 (Fla. 1972); Duggar v. Quality Dev. Corp., 350 So.2d 816 (Fla. 2d DCA 1977); Whitney v. Whitney, 241 So.2d 436 (Fla. 2d DCA 1970), cert. denied, 245 So.2d 88 (Fla. 1971). But, the amendment to the rule in 1976 laid down a "bright line" for record activity. Almost any discovery effort filed of record (unless patently repetitious) will preclude dismissal and a court can no longer inquire how well it advances the cause. Philips v. Marshall Berwick Chevrolet, Inc., 467 So.2d 1068 (Fla. 4th DCA 1985).
Nonrecord activity, however, is scrutinized much more severely, after the amendment to the rule. An early case reasoned that there is no logical reason to treat nonrecord activity less liberally than record activity under the rule. See Barnes v. Ross, 386 So.2d 812 (Fla. 3d DCA 1980). But most courts require the party attempting to preclude dismissal under the rule with nonrecord activity to show some "compelling reason" why the suit was not prosecuted.[2] One court has said that nonrecord *430 activity "which merely moves the cause towards resolution" is insufficient. American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980).
Most courts agree that exchange of mail and telephone calls between lawyers, settlement negotiations, conferences with potential witnesses, exchange of proposed exhibits, verbal or letter requests for discovery, if that is all, will not suffice to preclude dismissal under the amended rule. Weitzel v. Hargrove, 543 So.2d 392 (Fla. 3d DCA 1989); Norflor Construction Corp.; Eisen v. Fink, 511 So.2d 1092 (Fla. 2d DCA 1987); American Eastern Corp.; F.M.C. Corp. There must be established some compelling reason which prevented or excused the prosecuting party from actively pursuing the case in court. F.M.C. Corp. Physical injury and disability of a party's attorney for a number of months was held sufficient in Barnes v. Ross. Obtaining a binding agreement for judgment which actually resolved the case was held sufficient in American Eastern.
Accepting Weaver's attorney's affidavits and representations to the court as true, as the trial court did, we think Weaver established in this case a valid and compelling reason why no record activity took place for the space of one year, and that the case should not be dismissed under the rule. Essential to Weaver's case against The Center was establishing the true identity of Mulkey, the presumed felon and thief, and The Center's former employee. Only if Weaver could prove Mulkey had a bad criminal record, which The Center should have checked out before hiring him, and that he was the same individual who had acquired a double identity, could Weaver bring his case to trial.
Because Mulkey had disappeared and no photograph was available, tracing him throughout the fifty-odd states and territories was time-consuming and difficult. Weaver employed an investigator, who tracked Mulkey from Connecticut to California, and in November of 1989 provided Weaver with the means to get the needed identity information to go to trial. As soon as this information reached Weaver's attorney, all of the additional discovery papers were drafted and mailed prior to receipt of the court's show cause order. Since then Weaver's attorney has actively engaged in record activity which should shortly culminate in readiness for trial.
No two cases have exact fact patterns, so none is binding precedent for any decision in this area. However, we think Weaver established a sufficient compelling reason why his lawsuit did not progress of record during the one year hiatus, and that it was being actively pursued off-the-record, thus justifying its continuance.
Accordingly, we reverse and remand for further proceedings.
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] This notice, filed November 15, 1988 was the "last item" of record before the one year of inactivity of record.
[2] See Weitzel v. Hargrove, 543 So.2d 392 (Fla. 3d DCA 1989); Norflor Construction Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), rev. denied, 520 So.2d 585 (Fla. 1988); Eisen v. Fink, 511 So.2d 1092 (Fla. 2d DCA 1987).