613 So.2d 123 (1993)
Mary R. EDGECUMBE, Millie George (Formerly Stokes), Thomas Grice, Malcolm Davidson, and Earline Starkie, Appellants,
v.
AMERICAN GENERAL CORPORATION, American General Group Services Corporation, American General Group Insurance Company, American General Group Insurance Company of Florida, Gulf Life Insurance Company, and Gulf Group Services Corporation, Appellees.
No. 92-816.
District Court of Appeal of Florida, First District.
February 1, 1993.
*124 John Barry Kelly II of Ray, Kievit & Kelly, Pensacola, for appellants.
Joseph O. Stroud, Jr., of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellees.
ZEHMER, Judge.
Appellants, Plaintiffs below, appeal an order dismissing their action against Appellees, Defendants below, pursuant to rule 1.420(e), Florida Rules of Civil Procedure, for lack of record activity for more than one year from October 10, 1990, to October 23, 1991, when Defendants' motion to dismiss was filed. Attempting to show good cause why the action should remain pending based on non-record activity, Plaintiffs' attorney established through affidavits that during the above-specified period he had devoted time and effort to advancing the cause by reviewing and organizing documents in his file, obtaining documents from Defendants and third parties, taking and summarizing depositions, and calling Defendants' attorney on the telephone from August to October 1991 in an attempt to schedule depositions of essential witnesses employed or formerly employed by Defendants. Plaintiffs insist that Defendants' counsel was not available to set deposition dates and thus it would have been unethical for them to notice such depositions without having first worked out available dates with Defendants' counsel.
Defendants' counsel filed an affidavit, which is not controverted in this record, averring that on October 8, 1991, he gave Plaintiffs' counsel dates for the depositions and, although this was only two days before the expiration of the one-year period of record inactivity, he did not file a motion to dismiss until October 23, 1991, thus affording Plaintiffs' counsel fifteen days in which to issue notices of depositions. This affidavit also avers that Plaintiffs' counsel had commenced taking two depositions, which had not been completed and which were not noticed for completion during the period of record inactivity.
The trial court dismissed the action pursuant to rule 1.420(e), finding that no good cause had been shown by Plaintiffs' counsel. Appealing this order, Plaintiffs argue that the record does not support the trial court's finding of no good cause to keep the action pending within the meaning of rule 1.420(e).
Whether or not a party has shown such good cause is a discretionary decision to be made by the trial court. Hence, the standard of review on this appeal is whether the trial court abused its discretion. Judicial discretion has been defined as, "`The power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, *125 and the circumstances of the case, are controlled by the personal judgment of the court.'" Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). The test for determining whether there has been an abuse of that discretionary power was likewise set forth in Canakaris:
"Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion."
(Citation omitted) Id. at 1203.
In Norflor Constr. Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), rev. denied, 520 So.2d 585 (Fla. 1988), we held that "good cause" must include
["] ... contact with the opposing party and some form of excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines." For a party to establish good cause, it must show a compelling reason to avoid dismissal where there has been no record activity.
Events which have been held not good cause under Rule 1.420(e) include: (1) an attorney's misrepresentations and erroneous assumptions; (2) misunderstandings between attorneys; and (3) settlement negotiations which fail to reach fruition.
512 So.2d at 268 (Citations omitted).
We recognize that the result of the trial court's ruling in this instance is quite harsh, and is probably due to the inadvertent oversight by Plaintiffs' counsel by not keeping track of record activity over the one-year period specified in the rule. However, it is clear that Plaintiffs' counsel obtained the deposition dates prior to the expiration of the one-year period and failed to promptly issue notices pursuant to the dates so obtained. Rule 1.420(e) requires that Plaintiffs' counsel ensure that some record activity is accomplished within a twelve-month period. On this record, we are unable to say that no reasonable persons could differ as to the propriety of the ruling by the trial court in this instance. See, e.g., Norflor 512 So.2d 266 (no good cause shown to avoid dismissal for failure to prosecute where there was no record activity and the non-record activity involved taking of deposition without the filing of a transcript of the deposition for record in the court file, settlement negotiations, non-record conferences, correspondence and review of records); Weaver v. The Center Business, 578 So.2d 427, 430 (Fla. 5th DCA), rev. dismissed, 582 So.2d 624 (Fla. 1991) ("Most courts agree that exchange of mail and telephone calls between lawyers, settlement negotiations, conferences with potential witnesses, exchange of proposed exhibits, verbal or letter requests for discovery, if that is all, will not suffice to preclude dismissal under the amended rule."); Weitzel v. Hargrove, 543 So.2d 392 (Fla. 3d DCA 1989) (dismissal for lack of prosecution was warranted where the non-record activity involved contact between counsel for both parties and an agreement to cancel a previously noticed hearing on the defendant's motion to strike certain allegations of the complaint); Eisen v. Fink, 511 So.2d 1092 (Fla. 2d DCA 1987) (dismissal for lack of prosecution was warranted where the reasons offered were not compelling and did not satisfy the good cause standard; the plaintiff alleged that the defendant represented that the plaintiff would be scheduled for a deposition, there were settlement negotiations between the parties, and the defendant delayed filing its answers to the plaintiff's first set of interrogatories); F.M.C. Corp. v. Chatman, 368 So.2d 1307 (Fla. 4th DCA), cert. denied, 379 So.2d 203 (Fla. 1979) (extensive non-record conferences with a "necessary and vital expert witness" does not prevent or hinder compliance with the rules).
AFFIRMED.
BARFIELD and MINER, JJ., concur.