POLSTON, J.
The trial court dismissed Appellants’ cause of action against Appellees J. Patrick Neal, M.D., Ronald D. Ray, M.D., and Radiology Associates of Tallahassee, P.A. for failure to prosecute pursuant to Fla. R. Civ. P. 1.420(e). We affirm.
On December 18, 1995, Appellants filed a medical malpractice action, relating to the medical treatment of Appellant Carlos Spikes, Jr., when he was 14 years old, against the Appellees, R. Lawrence Hatchett, M.D., and North Florida Urological Center. The case was set for a five-day jury trial beginning on April 5, 1999. A few days before the trial, the Appellants filed a motion to take the trial off of the court’s calendar or to reschedule it, alleging that Mr. Spikes could not be at trial because of his spring football practice at the University of South Carolina. This motion was granted without rescheduling the trial.
On March 31, 1999, Appellees learned that Appellants had settled with Dr. Hatchett and the North Florida Urological Center, and filed a motion to discover the terms of the settlement agreement. Appellants filed a voluntary dismissal with prejudice arising from the settlement on April 1, 1999. There was no other record activity in the case until Appellees filed motions to dismiss for failure to prosecute pursuant to Fla. R. Civ. P. 1.420(e) on April 3, 2000. The trial court granted those motions, ruling:
This matter was previously set for trial in April, 1999 and was removed from the trial docket pursuant to Plaintiffs Motion. Plaintiff never filed a re-notice of trial. The last record activity occurred on April 1, 1999 which included several filings as well as a hearing. Since that time Plaintiff alleges that counsel for the parties had telephone conversations and *573 written correspondence relating to this matter. Plaintiff also alleges that an attempt was made to set a deposition, however, no date was ever agreed upon by the parties.
The Court finds that Plaintiff has not shown affirmative record activity which was reasonably calculated to advance the case toward resolution as contemplated by the Rule. See, Overseas Development, Inc. v. Amerifirst Federal Savings and Loan Association, 433 So.2d 587 (Fla. 3rd DCA 1983) rev. den. 438 So.2d 833 (Fla.1983). Nor has Plaintiff shown sufficient non-record activity to avoid dismissal. Plaintiffs notice of trial does not act as a bar to a motion for dismissal when the trial is continued and then not re-noticed for trial. See, Fishe & Kleeman, Inc. v. Aquarius Condominium Association, 524 So.2d 1012 (Fla.1988). Additionally, mere contact between opposing counsel, including attempts at setting depositions, is not enough to establish sufficient non record activity to preclude dismissal. See, Edgecumbe v. American General Corporation, 613 So.2d 123 (Fla. 1st DCA 1993). The court further finds that the Plaintiff has failed to establish good cause for the lack of record or non-record activity. See, Norflor Construction Corp. v. City of Gainsville [Gainesville], 512 So.2d 266 (Fla. 1st DCA 1987).
We agree with the trial court’s application of Fishe & Kleeman. The Appellants requested and obtained a delay of the trial and did not re-notice the trial, file a motion for pretrial conference, or file a motion to reset the cause for trial as suggested in Fishe & Kleeman for moving the case forward. 524 So.2d at 1014-15.
Whether or not a party has shown good cause to keep the action pending is a discretionary , decision by the trial court. Edgecumbe, 613 So.2d at 124. Our standard of review is whether the trial court abused its discretion. Id. As in Ed-gecumbe, we are unable to say that no reasonable persons could differ as to the propriety of the ruling by the trial court in this instance. Id. at 125; Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980)(describing test for determining abuse of discretion).
AFFIRMED.
MINER and DAVIS, JJ„ concur.