830 So.2d 836 (2002)
Manuel G. JAIN, M.D., Appellant,
v.
GREEN CLINIC, INC., f/k/a Green Clinic, P.A., a Florida corporation; J.C. Stine, M.D.; John W. Moore, M.D., Frank J. Thornton, M.D.; Michael G. Degnan, M.D.; Guillermo F. Allende, M.D.; and David J. Green, M.D., Appellees.
No. 2D01-1913.
District Court of Appeal of Florida, Second District.
April 19, 2002.
Rehearing Denied November 5, 2002.
*837 Stephen D. Milbrath of Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., Orlando, for Appellant.
Jonathan B. Trohn and Theodore W. Weeks, IV, of Gray Harris Robinson Lane
Trohn, Lakeland, for Appellees Stine, Moore, Thornton, Degnan and Allende.
Tracy S. Carlin of Foley & Lardner, Jacksonville, and Robert Rocke and Jonathan B. Sbar, Tampa, for Appellee Green Clinic.
Neal L. O'Toole of Law Offices of Neal L. O'Toole, P.A., Bartow, for Appellee David J. Green, M.D.
CASANUEVA, Judge.
Manuel G. Jain, M.D., commenced this action on September 18, 1997, seeking declaratory and injunctive relief as well as damages for breach of fiduciary duty from his co-shareholders following the sale of their medical clinic. After substantial motion practice the court dismissed the declaratory action, but the other counts remained. When the defendants moved to dismiss for lack of prosecution pursuant to rule 1.420(e), Florida Rules of Civil Procedure, the circuit court dismissed the action. We conclude that the circuit court abused its discretion and reverse.
For purposes of this appeal the following procedural facts are important. The case was not at issue until January 5, 2000, when the circuit court entered an order on defendant Dr. Green's motion to amend his answer and affirmative defenses. On January 9, 2001, defendant Green Clinic filed its motion to dismiss for failure to prosecute, a motion joined by the other defendants on January 17, 2001. The circuit court heard the motion on March 26, 2001, concluded that no record activity had occurred in the case within the one-year window period and that Dr. Jain had not shown good cause for allowing the action to remain pending, and granted the motion to dismiss.
In its order the circuit court found that no record activity had taken place between January 5, 2000, and January 5, 2001, and, *838 furthermore, that Dr. Jain had failed to demonstrate good cause as to why the action should not be dismissed. The court reasoned that dismissal was warranted because the "Plaintiff failed to allege and demonstrate contact with the defendants during the relevant one-year period."
Within the one-year window, however, Dr. Jain's attorney was attempting to locate a witness believed to be important to the ultimate resolution of the case. He finally tracked down the witness, the former administrator of Green Clinic, on January 8, 2001. When Dr. Jain's lawyer asked the witness to provide dates for his deposition, the witness replied that he would not do so until after he had conferred with the attorney for defendant Green Clinic. That same day, the administrator spoke with one of the defense attorneys, who informed him that he should not speak with Dr. Jain's lawyer but should require a subpoena for deposition. Then, on January 9, 2001the same date on which the motion to dismiss was filedDr. Jain's attorney left messages with opposing counsel seeking available dates to depose the administrator. After receiving no response, on January 11, 2001, Dr. Jain's counsel noticed the administrator for deposition, which was taken on February 11, 2001.
Rule 1.420(e) requires the trial court to engage in a two-step process in deciding whether to dismiss a case for lack of prosecution. "[F]irst, the defendant must show that there was no record activity for the year preceding the motion. Second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." Metro. Dade County v. Hall, 784 So.2d 1087, 1090 (Fla.2001) (citing Del Duca v. Anthony, 587 So.2d 1306, 1308-09 (Fla.1991)).
Applying the first analytical step to this case, the circuit court erred when it used the wrong date from which to measure the one-year period. The motion to dismiss was filed on January 9, 2001, and the previous year concluded by that date is the window into which the court should have looked for lack of record activity. Instead, the trial court measured one year forward from January 5, 2000, the date of the last alleged record activity. Nevertheless, the record is clear that even if the court applied the appropriate period it would have reached the same conclusion that no record activity occurred. Had there been no attempt to establish good cause, dismissal would have been mandatory. But because Dr. Jain did attempt to establish good cause, we review the trial court's order under the abuse of discretion standard. Hall, 784 So.2d at 1090 (citing Little v. Sullivan, 173 So.2d 135, 136 (Fla. 1965)).
Under the particular facts of this case, we conclude that Dr. Jain's attorney established good cause for the delay in prosecution. Once Dr. Jain located the administrator he could have noticed his deposition immediately, and that record activity would have occurred within the one-year period and would have precluded dismissal. Furthermore, if the deposition had been taken without placing notice in the file, that act would have constituted good faith activity designed to advance the pending matter to resolution and also would have avoided dismissal. See Netzley v. Maginness, 806 So.2d 596 (Fla. 2d DCA 2002) (citing Hall, 784 So.2d at 1090). Only because Dr. Jain's lawyer courteously contacted opposing counsel did the time continue to run. Here, to avoid the possibility that an arbitrarily chosen deposition date would later be determined to violate the discovery rules, Dr. Jain's lawyer contacted opposing counsel in advance. The *839 reward for his courtesy was that the record remained dormant.
We note in conclusion that plaintiff's counsel took a significant risk by allowing this case to languish until the last minute. This was the proverbial close shave with the unfortunate result that a nick nearly caused a fatal loss of blood. Although our mandate will reinstate the action, the plaintiff's inaction has cost the parties both time and money.
Reversed and remanded with directions for the trial court to reinstate this action.
SALCINES and DAVIS, JJ., concur.