833 So.2d 199 (2002)
Raymond W. TOMPKINS, Trustee, Appellant,
v.
FIRST UNION NATIONAL BANK, et al., Appellees.
No. 5D01-3624.
District Court of Appeal of Florida, Fifth District.
December 13, 2002.
*200 Scott D. Clark, of Scott D. Clark, P.A., Winter Park, for Appellant.
Janet M. Courtney and Matthew G. Brenner, of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellees.
GRIFFIN, J.
This is an appeal from a final order dismissing a lawsuit against First Union National Bank and First Union Brokerage Services for failure to prosecute pursuant to Rule 1.420(e), Florida Rules of Civil Procedure. We affirm.
Plaintiff below, Raymond W. Tompkins ["Tompkins"], initiated an action on June 16, 1999 against defendants below: Cecil T. Winters ["Winters"]; Charles Bernardi ["Bernardi"], individually and as a member of the last Board of Directors of Capital Trading of North America, Inc. ["Capital Trading"], a dissolved Florida corporation; First Union National Bank of Florida ["First Union"]; and First Union Brokerage Services, Inc.[1] The complaint alleged that in 1996 Tompkins entered into an agreement with Winters and Bernardi pursuant to which he invested $300,000 in their investment program. When Tompkins became concerned about his investment, he entered into an escrow agreement with Winters to gain access to the assets. The complaint further alleged that First Union refused to transfer the securities to the escrow account.[2] The claims alleged in Tompkins' complaint included I) fraud in the inducement against Winters; II) breach of contract against Capital Trading; III) civil conspiracy to commit fraud in the inducement against Winter and Bernardi; IV) breach of contract against First Union; V) negligence against *201 First Union; VI) conversion against First Union; VII) tortious interference with advantageous business relationship against First Union; and VIII) breach of fiduciary duty against First Union.
On July 19, 1999, First Union filed an amended motion to dismiss counts IV, V, VI and VII. On August 25, 1999, the trial court entered an order dismissing counts IV, VII and VIII without prejudice, dismissing counts V and VI with prejudice, and giving Tompkins twenty days to file an amended complaint. On October 6, 1999, Tompkins filed a motion for extension of time in which to serve Bernardi because the Bernardi served by Tompkins was the wrong Bernardi. The motion stated that Tompkins believed he now had a viable address for Bernardi and would attempt service if granted the extension of time. On October 26, 1999, the motion was granted to give Tompkins forty-five additional days to serve Bernardi. A second amended complaint with counts I through V above was filed by Tompkins on June 9, 2000. First Union filed a motion to dismiss count V of the second amended complaint on July 7, 2000, but apparently this motion was not set for a hearing and an order was never entered. On March 21, 2001, Tompkins filed a motion for substitution of counsel which was granted by order entered on April 6, 2001.
First Union filed a motion to dismiss for failure to prosecute on July 12, 2001. The motion stated that there was a failure to prosecute pursuant to Rule 1.420(e) because the last pleading was filed on July 6, 2000, and the motion and order for substitution of counsel filed in March and April 2001 did not constitute sufficient record activity to prevent the dismissal. On August 9, 2001, Tompkins filed a verified response to the motion to dismiss alleging that the non-record activity demonstrated a sufficient intent by Tompkins to move the case forward to conclusion which warranted a denial of dismissal. Tompkins relied on efforts to locate and serve Winters and Bernardi, who he claimed were "essential ingredients" to moving the case forward. Tompkins conceded that no record activity occurred during the time period of one year and that the change of counsel pleadings appearing in the record in March and April did not by themselves constitute sufficient record activity.
After a hearing on August 16, 2001, the trial court entered an order granting the motion to dismiss for failure to prosecute on the ground that the non-record activity referenced in Tompkins' verified response was not sufficient to demonstrate good cause why the action should not be dismissed. This was the correct ruling to make. The excuse offered by Tompkins in his verified response to the motion to dismissthat he was attempting to serve Winters and Bernardi with process does not warrant reversal. This plainly is not a case like the limited circumstances present in such cases as Weaver v. The Center Business, 578 So.2d 427 (Fla. 5th DCA 1991), or Jain v. Green Clinic, Inc., 830 So.2d 836 (Fla. 2d DCA 2002).[3] In Weaver, the court was convinced that the case was unable to move until the witness was located and correctly identified. Here, nothing other than appellant's bare contention supports this claim that the case against First Union could not proceed until Winters and Bernardi were located and served. To the contrary, the record suggests that the suit against First Union could have been advanced in a variety of ways. Indeed, this seems the rare case where Rule 1.420(e) should be and has been applied according to its express *202 terms. We find no abuse of the trial court's discretion in failing to find the existence of a compelling reason which prevented or excused the prosecuting party from actively pursuing the case in court. Weaver, 578 So.2d at 430.
AFFIRMED.
SAWAYA, J., and TORPY, V., Associate Judge, concur.
NOTES
[1] Tompkins also initiated an action against these same parties in 1996 which was dismissed for lack of prosecution. Both Winters and Bernardi were served in this action. A final judgment of $317,601.11 was entered against Winters in that action.
[2] First Union asserted in an affirmative defense that First Union properly restrained the account because of adverse claims being made to the funds by other persons claiming to have ownership of the funds.
[3] The Jain decision, which, as of this writing, remains pending on motion for rehearing, turns on a professionalism issue not present here.