911 So.2d 1286 (2005)
Kenneth ANDRES, Brenda Bagley and John W. Eason, Appellants,
v.
CITY OF JACKSONVILLE, Florida, Appellee.
No. 1D04-0406.
District Court of Appeal of Florida, First District.
October 11, 2005.
Leslie Scott Jean-Bart of Farah, Farah & Abbott, P.A., Jacksonville, for Appellants.
*1287 Richard A. Mullaney, General Counsel; Scott D. Makar, Chief, Appellate Division, Jacksonville, for Appellee.
BENTON, J.
We affirm the trial court's dismissal for failure to prosecute. See Fla. R. Civ. P. 1.420(e)(2003) ("All actions in which it appears on the face of the record that no activity... has occurred for a period of 1 year shall be dismissed...."); Spikes v. Neal, 792 So.2d 571, 573 (Fla. 1st DCA 2001) ("Our standard of review is whether the trial court abused its discretion."); Lenion v. Calohan, 652 So.2d 461, 463 (Fla. 1st DCA 1995) ("`For a party to establish good cause, it must show a compelling reason to avoid dismissal where there has been no record activity.' American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863, 865 (Fla. 2d DCA 1980).").
We decline the appellants' invitation to review antecedent interlocutory orders, as review of those orders is beyond the scope of this appeal. "Furthermore, the validity of a dismissal for failure to prosecute is entirely independent of the merits of prior interlocutory decisions." John's Insulation, Inc. v. L. Addison & Assocs., Inc., 156 F.3d 101, 107 (1st Cir.1998). See id. at 103-08; DuBose v. Minnesota, 893 F.2d 169, 171 (8th Cir.1990); Huey v. Teledyne, Inc., 608 F.2d 1234, 1239 (9th Cir.1979); Marshall v. Sielaff, 492 F.2d 917, 919 (3d Cir.1974). But see Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 178-79 (2d Cir.1990); Nichols v. Mobile Bd. of Realtors, Inc., 675 F.2d 671, 675 (5th Cir. Unit B 1982).
Affirmed.
WEBSTER and POLSTON, JJ., concur.